**552**

JABEZ L. CARPENTER, admr. of JOB TAYLOR, *v.* HORACE HOLLISTER and FRIEND AUSTIN.

The admissions of a grantor, who is still living, made while holding the land, and having title of record thereto, unless in relation to the extent, and character of his possession, cannot be admitted against the grantee, to defeat the title.

EJECTMENT, to recover the seizin and possession of certain lands in Marshfield.

Plea, not guilty, and trial by jury.

On the trial below, the plaintiff proved that the title of the premises was in the plaintiff's intestate prior to the twenty-ninth day of December, 1830, and that the defendant, Austin, was in possession, as the tenant of Hollister, the other defendant, at the commencement of this suit.

The defendants then gave in evidence a deed from the intestate to Joshua Mackres, dated December 29, 1830, conveying the land in question, and a deed from said Mackres to the defendant, Hollister, dated September 8, 1834, conveying the same land, and introduced testimony tending to show that Mackres and Hollister respectively took and held the possession of the premises under said deeds, and that Hollister was seized and possessed thereof at the decease of Taylor, the plaintiff's intestate.

The plaintiff then introduced testimony tending to prove that Taylor, at the time when he executed the deed to Mackres, was insane and incapable of exercising an act of thought or judgment, and, among other testimony offered for that purpose, the plaintiff offered to prove the admissions of said Mackres to third person, as to the incompetency of Taylor, at the time when Taylor conveyed to Mackres, made while the latter was in possession of the premises under the deed from Taylor to him. To the admission of this testimony, the defendants objected; but the court overruled the objection and admitted the testimony. The plaintiff also offered the deposition of said Mackres, which tended to prove the same facts, to which the defendant also objected, but the objection was overruled and the deposition admitted.

The defendant introduced testimony tending to show that Taylor was of sound mind when he executed the deed to Mackres.

There were other questions presented by the exceptions in this case than those above stated; but, as they were not passed upon by this court, they are here omitted.

The jury returned a verdict for the plaintiff, and the case came into this court on exceptions by the defendant.

*J. Bell, P. Dillingham,jr., S. H. Curtis* and *L. B. Peck*, for defendants.

1. The admissions of *Mackres* were improperly admitted. The admissions of a person, while in possession of land, as to the character of his possession and the extent of his claim, are admissible; but the rule extends no further. *Warner et al. v. M'Gary*, 4 Vt. R. 507. *Hart v. Horne*, 2 Camp. 92. *Burrough v. White*, 10 Com. L. R. 345. *Hedger v. Horton*, 14 id. 261. *Nichols v. Hotchkiss*, 2 Day, 121. *Beach v. Catlin*, 4 id. 284. *Barrett v. French*, 1 Conn. R. 354. *Cook v. Swan*, 5 id. 140. *Alexander v. Gould*, 1 Mass. R. 164. *Bartlett v. Delprat*, 4 id. 707. *Clark v. Wait*, 12 id. 439. *Barker v. Briggs*, 8 Pick. 127. *Alexander v. Mahon*, 11 Johns. R. 185. *Hurd v. West*, 7 Cow. 752. *Whitaker v. Brown*, 8 Wend. 490. *Bristol v. Dame*, 12 id. 142. *Ross v. Knight*, 4 N. H. R. 236. *Fitch v. Chapman*, 10 Conn. R. 8. *Richardson v. Field*, 6 Greenleaf, 303. Some of the authorities go so far as to hold that, in that case, the tenant, if living, must be called. 1 Phil. Ev. 210. *Burrough v. White*, 10 Com. L. R. 345. *Hedger v. Horton*, 14 id. 261. But surely where he is a witness upon the stand, or his deposition is used, his declarations ought not to be received. 4 Camp. 401, and on. *The Berkley Peerage case.*

*W. Upham*, and *J. A. Wing*, for plaintiff.

The declarations of Mackres, made to third persons, while he was in possession of the premises, under his deed from Taylor, against the validity of his title, were properly admitted in evidence by the county court. *Reed v. Dickey*, 1 Watts. 152. *Jackson v. Bard*, 4 Johns. R. 229, 230. *Waring v. Warren*, 1 id. 340, 343. *Jackson v. Vreden-*

Margin note:

WASHINGTON, *March,* 1841.

Carpenter
*v.*
Hollister *et al.*

burgh, 1 id. 160. *Jackson* v. *McCall*, 10 id. 377. *Walker* v. *Broadstock*, 1 Esp. cas. 458. *Davies* v. *Pierce*, 2 Term, 53, 55. 1 Ld. Raym'd. 734. 3 Dane's Abr. 397. *Beers et al.* v. *Hawley*, 2 Conn. R. 467. *Norton* v. *Pettibone*, 7 id. 319. *Betts* v. *Davenport*, 3 id. 286. *Williams* v. *Ensign*, 4 ib. 456. *Higley* v. *Bidwell*, 9 ib. 447. *Jackson* v. *Van Dusen*, 3 Johns. R. 157. *Stricker* v. *Todd*, 10 Serg. & Rawle, 63. —— v. *Niesly*, 2 id. 35. *Weedman* v. ——, 4 id. 174. *Dorsey* v. *Dorsey's heirs*, 3 Har. & Johns. 426. *Little* v. *Sibley*, 2 Greenl'f. 242. *Foster* v. *Hall*, 12 Pick. R. 89. 12 Pick. R. 503. Wharton's Dig. 305, 6, 7, 8.

And the fact that Mackres, himself, was an admissible witness in the case for the plaintiff, makes no difference. *Inh. of Baring* v. *Inh. of Calais*, 2 Fairfield, R. 464. *Rice* v. *Bancroft*, 11 Pick. R. 469. *Deming* v. *Carrington*, 12 Conn. R. 1. *Hale* v. *Smith*, 6 Greenl'f. 416. *Inh. of Claremont* v. *Carleton*, 2 N. H. R. 369. *Sylvester* v. *Crapo*, 15 Pick. R. 92. *Woolway* v. *Rowe*, 1 Adolph. & Ellis, 114. *Conn et al.* v. *Penn et al.*, 1 Peters C. C. R. 496. *Beecher* v. *Parmelee et al.*, 9 Vt. R. 352.

But if the declarations of Mackres were improperly admitted in evidence, the judgment of the county court should not be reversed, inasmuch as the testimony of Mackres himself was afterwards put into the case, and he testified to the incapacity of Taylor to make the deed in question. *Prince* v. *Shepard*, 9 Pick. R. 176.

Again, there was sufficient evidence in the case without the declarations of Mackres, to authorize the finding of the jury, and for that reason the verdict should not be disturbed. *Edwards* v. *Evans*, 3 East 451. *Horford* v. *Wilson*, 1 Taunton, 12. *Nathan* v. *Buckland*, 4 Com. L. R. 408. —— v. *Doe*, 1 Blackford's R. 164, (note 6.) *State* v. ——, 3 Blackford, 222.

The opinion of the court was delivered by

COLLAMER, J.—On the trial, the admissions of Mackres, who is still living and was afterwards a witness in the case, made while he was in possession and before his deed to Hollister, were received to prove the insanity of Taylor, who deeded to Mackres. Was this error?

This proceeding is claimed to be sustained on the ground that every concession made by one in possession of land, against his interest, is binding on him and all who claim under him. In this state, and under our registry system, it is understood that the title to land appears of record, and that every *bona fide* purchaser of such title is safe. But if such purchaser may be defeated by the private concessions of any previous owner, in his chain of title, made while owner, he cannot be safe. When such must be the consequence, we should be slow to adopt the principle; but if such is the clear result of authority it must be followed.

An examination of the authorities presented by the plaintiff, leads to a view of the whole doctrine of hearsay testimony. As a general rule, hearsay, or the statements of persons not parties of the record, are inadmissible; and when admitted, it is by some exception to the general rule. The rule is a wholesome one, and the exceptions should not be multiplied.

The first exception I would mention is, that it has been permitted to show the concessions of men made contrary to their interest at the time. But such admissions have never been received, merely on that ground, when such person was still living and could be a witness in the cause. This point underwent full examination in this court, in the case *Warner* v. *Mc Gary*, 4 Vt. R. The admissions of Mackres were therefore not admissible, merely on the ground that they were made against his interest, for he was still living, and a witness in the cause. This disposes of several of the authorities cited by the plaintiff.

The admissions of persons whose interest is, in law, identical with the party, made contrary to their existing interest, have been received against such party. Such are the admissions of a payee of a note, made while holder, which have been admitted against the indorsee, who took the note, overdue. This point was fully considered in *Warner* v. *McGary*, and such is the case of *Sylvester* v. *Crapo*, 15 Pick. R. 92, cited for the plaintiff. Such was not this case.

In matter of fraud, and in relation to a fraudulent conveyance, the acts and concessions of the parties thereto are, from the nature and necessity of the case, admissible. But no injury can be thereby produced to any innocent purchaser, for unless it appear that he purchased with notice of the fraud,

WASHINGTON, March, 1841.

Carpenter
v.
Hollister et al.

he will not be affected thereby. The case *Norton* v. *Pettibone*, 7 Conn. R. 319, and *Hale* v. *Smith*, 6 Greenleaf R. 416, cited for the plaintiff, are of this character; but such were not the concessions in this case.

Where the words of a person, accompanying his act, give character to the act, they are regarded as part of the 'res gesta,' and are admissible. Such are the assertions of an agent in the execution of his agency. Such were the declarations of the pauper, giving character to his residence, in the case *Baring* v. *Calais*, 2 Fairfield's R. 463.

Nearly allied to this last, is another exception, and under which come most of the plaintiff's authorities. The statements of a person in possession of land, as to the character and extent of that possession are admissible, as against all who claim under that possession. Of the cases cited by the plaintiff, the following come under this head. In *Reed* v. *Dickey*, 1 Watt's R. 152, Campbell held land for McCall, and sold to Templeton who sold to defendant. It was ruled that the admissions of Templeton, while holding the land, that he knew the land was held under McCall, were admissible. *Dorsey* v. *Dorsey's Heirs*, 3 Harr. & Johns. R. was a bill to enforce a trust, and the only concession admitted, was, that of a purchaser that he purchased as a *trustee*. *Jackson* v. *Bard*, 4 Johns. R. 230, was, in effect, but admitting a concession of a *tenancy* under plaintiff's grantor. All the following cases, cited by the plaintiff, are concessions by the occupiers of land, either of the character or extent or boundaries of their possessions;—*Jackson* v. *Vredenburg*; *Jackson* v. *Mc Call*; *Walker* v. *Broadstock*; *Davies* v. *Pierce*; *Betts* v *Devanport*; *Williams* v. *Ensign*; *Higley* v. *Bidwell. Deming* v. *Carrington, Woolway* v. *Rowe. Conn et al.* v. *Penn. Beecher* v. *Parmelee.*

This disposes of all the cases furnished us by the plaintiff, except the following cases. *Waring* v. *Warren* only decides that the statements of a possessor cannot be given in evidence to *sustain* his right. *Beers* v. *Hawley* was in chancery, and the court compelled the assignee of a mortgage to abide by the *written* agreement of his assignor, that the mortgagee should not claim a certain accidental and unintended priority. The case *Rice* v. *Bancroft*, which clearly has no bearing on this question.

In examining these cases we have regarded only the true point involved in their decision, overlooking the *obiter dicta*, and what may have been said by way of illustration. Regarded in this way, and which is the only proper way, they do not sustain, nor does any one of them sustain, the broad principle here contended for by the plaintiff, which is, that any concession of a grantor, made against his title, while he was in possession, is admissible against all who claim underhim.

Carpenter
*v.*
Hollister *et al.*

It is not to be disguised that some individual judges, in delivering the opinions of the court, have so said. It was so said by *Thompson, J.* in *Jackson* v. *Bard*, and by *Buchanan, J.* in *Dorsey* v. *Dorsey's Heirs*, and by *Daggett, J.* in *Norton* v. *Pettibone*; but in all these cases, such sayings were not necessary to the decisions, and do not seem to be sustained by authority.

It has been holden in this state, that the concession of a grantor that he held as tenant, or of the limits of his possession, may be given in evidence against his grantee, but this has never yet been so holden as to one who held by a deed on record, showing him in possession in his own right, or where the boundaries are certain by his deed. That would permit the deed of record to be contradicted or qualified by parol. Such testimony, for such a purpose, was overruled in *The Proprietors of Claremont* v. *Carlton*, 2 N. H. R. 369. In this case, the plaintiff insists that the concessions of a grantor made while in possession, not explaining or qualifying that possession, are admissible to defeat his title, apparently good of record, even against an innocent, *bona fide* purchaser, on good consideration. This we think dangerous and unprecedented.

Judgment reversed.