*D. Kellogg* and *W. C. Bradley* for orator.
*A. Keyes* for defendants.

◆◆◆◉◆◆◆

DANIEL ELLIS *v.* DAVID HOWARD, LUCIUS DEAN AND WILLIAM D. LEONARD.

One, who has assigned and transferred personal property to his creditor in payment of a debt, is a competent witness for the creditor, in an action of trespass brought by him against other creditors of the same person, who have attached and taken from the plaintiff's possession the assigned property, notwithstanding the officer, who served the defendant's writs of attachment, included in his fees minuted upon the writs charges for taking and securing the property in question.

Where two creditors sue out separate writs of attachment against the same debtor, and put the writs into the hands of the same officer, who serves them at the same time by attaching upon them the same property of the debtor, they are, *prima facie*, jointly concerned in the taking of the property, and must be so holden, in an action of trespass brought against them and the officer for such taking ;—but it is competent for either of the defendants to show that he had no concern in the taking, or that the taking on the two writs was at different times.

The declarations of the vendor of personal property, as to the character of the sale made by him, are not evidence against the vendee, in an action of

trespass brought by the vendee against the creditors of the vendor, who have attached the property as belonging to the vendor, notwithstanding such declarations were made before the attachment, and while the vendor still retained the property in his possession.

Where the defendants in an action of trespass had attached the property of the plaintiff as the property of the debtor of two of the defendants, and' the attaching officer, who was also made defendant in the action of trespass, had delivered the property to a third person, who executed a receipt therefor, thereby promising to re-deliver the property to the officer upon demand, and the plaintiff commenced his said action of trespass, and then assigned his claim in said action to the said receptor, and judgment was afterwards duly obtained and execution issued in the suit in which the attachment was made, and the officer having the execution duly demanded the property of the receiptor, and the receiptor refused to surrender the property, and retained it in his possession; it was held that the defendants, on the trial of the action of trespass, were not entitled to give in evidence, in mitigation of damages, such refusal on the part of the receiptor, they never having offered to surrender to him his receipt, or discharge him from his liability thereon.

TRESPASS *de bonis asportatis.* Plea, the general issue, and trial by jury.

The plaintiff claimed title to the property in question by virtue of an assignment and transfer of the same to him by one Abel Houghton, the former owner thereof, made to secure the plaintiff for certain debts, and against certain liabilities which he had incurred for said Houghton's benefit; and the plaintiff proved that the property was in his possession, at the time it was taken by the defendants.

To prove the taking by the defendants the plaintiff gave in evidence a writ of attachment, and the officer's return thereon, in favor of the defendant Howard against Houghton, which was served, Aug. 26, 1843, by the defendant Leonard, as constable, by attaching thereon the property in question; and the plaintiff then offered in evidence a writ of attachment, and return thereon, in favor of the defendant Dean against the same Houghton, which was also served, as appeared by the return by the same defendant Leonard, as constable, on the same 26th of August, 1843, by attaching thereon the same property. To the admission of this last writ and return the defendants objected, upon the ground that the plaintiff,

having undertaken to show a trespass in the taking by virtue of said Howard's attachment, could not afterwards be allowed to prove a trespass by virtue of said Dean's attachment. But the objection was overruled; and the court held, that, the attachments appearing to have been made at the same time, and bearing the same date, and having been served by the same officer, it was *prima facie* evidence of a joint taking by the defendants and a trespass;—but that the defendants were at liberty to show that either of them was not concerned in procuring the attachment, or that the attachments were made at different times. The plaintiff also proved that judgments were duly recovered, September 30, 1843, in the suits in which the attachments were made, on which executions were issued, and that the property was duly demanded, by the officer holding said execution, of the persons who receipted the same to the attaching officer.

The plaintiff, also, to prove his title to the property, offered in evidence the deposition of the said Abel Houghton; to the admission of which the defendants objected, upon the ground that Houghton would, in case the assignment was established, diminish his liability to the plaintiff to the amount of the full value of the property; but that, in case the attachments were sustained, his indebtedness would be diminished by an amount as much less than the value of the property, as the officer's fees for attaching the same property would amount to, and that therefore Houghton was interested for the plaintiff, and incompetent as a witness; and it appeared that the attaching officer had, on each of said writs, made a charge for securing said property;—but the court admitted the deposition.

The defendants offered to prove, that, after the assignment of the property to the plaintiff, Houghton exercised acts of ownership over the property, and also offered to prove declarations, made by Houghton after the assignment, and while a horse, which was assigned to the plaintiff at the same time with the property in question, and a lumber wagon, which was part of the property sued for, were in Houghton's possession, as to whose the property was, and his offers to sell it,—but not that the plaintiff knew of these declarations, or offers; to the admission of proof of which declarations the plaintiff objected, and the court excluded the testimony.

Ellis *v.* Howard et al.

The defendants also offered evidence, in mitigation of damages, tending to prove that the attaching officer, on the 30th day of August, 1843, delivered the property in question to Clark Puffer, and that the said Puffer and Ebenezer Huntington thereupon executed a receipt therefor to the officer, thereby promising to re-deliver the same property to the officer on demand; that the plaintiff, on the 26th day of September, 1843, by deed, duly executed, conveyed all his property, both real and personal, and " all his dues, rights and demands," to the said Puffer; and that said Puffer still retained the possession of the said property, notwithstanding it had been duly demanded of him by the officer holding the executions issued upon the judgments rendered in the actions in which the property was attached; to which testimony the plaintiff objected, and it was excluded by the court.

The jury returned a verdict for the plaintiff. Exceptions by defendants.

*A. Keyes* for defendants.

1.  To determine whether a witness is disqualified, or not, does not involve the inquiry as to the amount of interest.  Starkie's Ev. In this case it appeared that the constable, Leonard, charged twenty five cents for his trouble in securing and removing the property in question on each writ.  Now that Houghton, or his property, would be liable to those sheriff fees, there can be no doubt, if the property attached was Houghton's, and was liable to the attachment.  But, on the other hand, that Houghton, or his property, would not be liable to the expense of securing and removing the property of third persons is equally clear; thus Houghton's interest appears to be direct and certain.

The defendants insist that the county court erred, in deciding that, the attachments appearing to have been made at the same time &c., it was *prima facie* evidence of a joint taking and a trespass, until the plaintiff had farther proved that Dean and Howard either directed, or assented to, said attachments.   1 Chit. Pl. 80, 180, 185, note 1.   *Stoyel* v. *Lawrence et al.,* 3 Day 1.   *Vail* v. *Lewis et al.,* 4 Johns. 450.   *Adams* v. *Freeman,* 9 Johns. 117.   *Hollister* v.

*Johnson,* 4 Wend. 639. 1 Metcalf & Perk. Dig. 315. *Cilley* v. *Jenness,* 2 N. H. Rep. 87.

3. The defendants insist that the county court erred in excluding the sayings of Houghton, as to whose the property in question was, made after the sale and while he remained in possession, though without the knowledge of the plaintiff. 2 Phil. Ev. 177, note 180. *Willies* v. *Farley,* 3 C. & P. 395. 2 Phil. Ev. 589, note 452. Ib. 602, note 481.

4. The defendants insist, that, as Clark Puffer, the receiptor of the property in question, is the party in interest in the present suit, and would have a sufficient defence to an action upon the receipt, if the property proved to belong to Ellis, or not liable to the attachments, the evidence offered should have been admitted in mitigation of damages. *Cilley* v. *Jenness,* 2 N. H. Rep. 87. 1 Metc. & Perk. Dig. 316. *Cooper* v. *Mowry,* 16 Mass. 8. *Learned* v. *Bryant,* 13 Mass. 224. *Denny* v. *Willard,* 11 Pick. 519. *Fisher* v. *Bartlett,* 8 Greenl. 122. 4 Mass. 498.

*Kellogg* and *Roberts* for plaintiff.

1. The deposition of Abel Houghton was properly admitted. 1 Phil. Ev. 52. *Bland* v. *Ansley et al.,* 2 New Rep. 331.

2. The attachments appearing to have been made at the same time, and bearing the same date, and having been served by the same officer, Leonard, the court were correct in deciding that it was *prima facie* evidence of a joint taking and trespass by the defendants.

3. The sayings of Abel Houghton, as to the ownership of the property, after the sale to Ellis, were correctly excluded by the court.

4. The court properly excluded the evidence offered, that Puffer receipted the property attached on the writs of the defendants.

The opinion of the court was delivered by

WILLIAMS, CH. J. There are several questions made in this case by the counsel for the defendants, but none of them very difficult. The first question is, whether the deposition of Houghton should have been admitted. The plaintiff claimed by virtue of

Ellis *v.* Howard et al.

a sale from Houghton, and the defendants by virtue of an attachment, which Howard and Dean, as creditors of Houghton, and Leonard, as their officer, caused to be served on the property in question. The interest of Houghton was either balanced, or, if he had any interest, it was in favor of the defendants. This was decided in the case of *Seymour* v. *Beach*, 4 Vt. 493. The authority of that case has never been questioned; but it has always been recognized.

The next question is, in relation to the attachment of Dean, one of the defendants, after the plaintiff had proved the attachment of Howard, another defendant, both of which were served by Leonard; but, inasmuch as we learn from the case that there was but one taking, apparently at the same time, by Leonard, at the suit of Howard and at the suit of Dean, it was, *prima facie,* a joint trespass in the whole; but either of the defendants was at liberty to disprove any concern on his part in the transaction, or to show that the attachments were made at different times. On this point in the case we think the county court were correct.

The next question, which was raised, was as to the offer to prove the declarations of Houghton, and that he exercised acts of ownership, and what he said as to the ownership of the wagon, and that he offered to sell. The horse was not in controversy in this suit, and, if the wagon was in the possession of Houghton at the time of the attachment, the defendants would have been justified, on the well established principle, that, unless possession accompanies and follows the sale of personal property, it is liable to attachment and execution for the debts of the vendor. That the sayings of Houghton were correctly excluded is apparent from the principle, that, when a person is alive, and may be a witness, his declarations are not to be received; and the declaration of the holder of property, as to the character of a sale by him, was excluded in the case of *Carpenter* v. *Hollister*, 13 Vt. 552, and in *Hines et al.* v. *Soule*, 14 Vt. 99; and moreover these declarations related to property not the subject of this suit.

The only remaining question is in relation to the receipt executed by Puffer and Huntington,—whether it should be admitted and received in mitigation of damages. This is the only point on which the court are not all agreed,—one of the members of the court

thinking it should have been received in mitigation of damages. It appears that the trespass, of which the plaintiff complains, was committed, on the 26th day of August, 1843, by the defendants' attaching the property in question. On the 30th day of the same August Ebenezer Huntington and Clark Puffer receipted the property attached to the defendant Leonard, the officer, promising to deliver the property to him on demand. On these attachments judgments were rendered on the 3d of September, 1843, executions were issued and delivered to an officer, and the property was demanded within thirty days, and was not delivered. After the present suit was commenced, and while the same was pending, September 26, 1843, Ellis conveyed by assignment all his estate and all his dues, rights and demands to the said Puffer.

The plaintiff's right of action against these defendants was complete before this. The defendants have not returned the property to the plaintiff, nor have they relinquished their claim on the same. They still hold the receipt against Puffer and Huntington, and their claim on the officer for the property attached. As it respects the plaintiff, the defendants have taken and withheld the property attached, and still claim to hold the same. As the defendants have manifested no disposition to give up the property attached, or to give up their claim to the same, and still hold the receipt, and have not offered to give up the same to Puffer, they cannot inquire into the sale and assignment from the plaintiff to Puffer, nor can it be made a subject of inquiry in this case, whether Puffer could defend himself against a suit on that receipt. By taking the property on the attachment against Houghton, demanding it on the executions of the receiptor, and still holding the receipt, they cannot be relieved from the consequence of their original trespass, which has not been justified.

If a confirmation of the views of the majority of the court were wanting, it is found in the decision of the case of *Robinson* v. *Mansfield*, 13 Pick. 139, where it was decided, in a case almost identical with this, that the rule of damages, in such a case, is the value of the goods at the time of the attachment, inasmuch as the officer held the receipt, and did not give it up before, or at the trial.

The judgment of the county court is affirmed.