### Riley A. Deming & Co. *v.* Joel Lull.

In an action brought by a creditor against a sheriff, for *neglect of duty,* in not attaching, as the property of his debtor, certain property designated, in which the defence set up by the sheriff is, that the property did not belong to the debtor, but to a third person, and it appeared, on trial, that such third person had made a conditional sale of the property to the debtor, it was held, that the declarations of the debtor, made while he was in possession of the property, that the property belonged to him, and evidence that these declarations were known to the vendor, and that he, with such knowledge, also affirmed that he had sold the property to the debtor, were not admissible as evidence on the part of the plaintiff.

Trespass on the Case against the defendant, as sheriff of Windsor County, for the default of his deputy, Ephraim Ingraham,

Jr., in not attaching certain property, which he was directed by the plaintiffs to attach, as the property of one John H. Leland, on a writ of attachment in their favor against said Leland. Plea, the general issue, and trial by jury.

On trial the defence set up was, that the property in question did not belong to John H. Leland, but to one Aaron P. Leland, and the evidence, on the part of the defendant, tended to show a conditional sale of the property by Aaron P. Leland to John H. Leland, and, on the part of the plaintiff, that John H. Leland, for about twenty months next succeeding said sale, was in possession of said property, using it in all respects as his own, which was known to Aaron P. Leland.

The plaintiffs then offered evidence tending to prove, that, while John H. Leland was in possession of the property, he publicly and openly called the property his own, and offered to accompany this with evidence that Aaron P. Leland had knowledge of these declarations being made by John H. Leland, and that Aaron P. Leland had himself said, that he had sold the said property to John H. Leland;—all which testimony was objected to by the defendant, and was excluded by the court.

The plaintiffs then offered evidence, tending to show, that, after the property had been delivered by Aaron P. Leland to John H. Leland, and while the same was in the possession of the said John H., Aaron P. Leland said that he had sold the property to John H. Leland, and that he called it said John's property; to which evidence the plaintiff also objected, and it was excluded by the court.

The case, in all other respects, was substantially the same with that of *Hutchinson et al.* v. *Lull, ante,* page 133.

The jury returned a verdict for the defendant. Exceptions by plaintiffs.

*O. Hutchinson* for plaintiffs.

*L. Adams* for defendant.

The opinion of the court was delivered by

HEBARD, J. This action is case against the sheriff, for the neglect of his deputy, in neglecting and refusing to attach certain prop-

erty on a writ in favor of the plaintiffs against John H. Leland. The defence is, that the property was not liable to be attached as the property of John H. Leland. The *legality* of that defence has been established by repeated decisions; and the principal question, now, is in relation to the admissibility of the sayings of Aaron P. Leland and John H. Leland.

We think that these declarations were inadmissible, in the first place, because they were entirely *immaterial*. They did not tend to prove a different state of facts from those insisted upon by the defendant. It was claimed by him that there was a *conditional* sale of this property by Aaron P. Leland to John H. Leland; and these sayings were not inconsistent with that fact. In the next place, they were the sayings of persons who were disinterested, and who might, therefore, be witnesses;—and that being so, their testimony, under oath, would the be better evidence. These sayings were no part of the *res gestæ*. It is not with the possession of personal property, as with real estate.

The case goes upon the ground, that John H. Leland had never any *attachable* interest in the property, and therefore his possession was of no importance.

Judgment affirmed.

REDFIELD, J., dissenting. I understand the court to decide that the declarations of John H. Leland, the purchaser, while in the possession of the property, that he owned it, accompanied with evidence that these declarations were carried home and made known to Aaron P. Leland, and the declarations of Aaron P. Leland himself, that he had sold said property to John H. Leland, and calling it the property of John H. Leland, were not competent evidence to go to the jury.

Now, however unimportant to the real merits of the case an erroneous decision of a question of law, in the county court, may be, I understand the law to be well settled, in this state, that, if exceptions are properly taken at the trial, and the case is brought here, the party is entitled to a new trial as matter of right. *Irish* v. *Cloyes et al.*, 8 Vt. 30. *Penniman* v. *Patchin*, 5 Vt. 346. *Blake* v. *Tucker*, 12 Vt. 39. If, then, it was not error in the county court to reject this evidence, *it would have been error*, if that court

Deming et al. *v.* Lull.

had *admitted the evidence.* I must consider the decison in this case as involving both propositions.

So far as the practice of the courts is of any avail, I think it must be admitted to have been uniformly against the decision now made. Such evidence has been uniformly received at the *nisi prius* trials; and I never heard its propriety once questioned, until the present determination.

Upon the legal effect of the evidence, it may be viewed, I admit, in two lights.

1. As tending to show, that such a sale, as is claimed by the plaintiffs, was in fact made by Aaron P. Leland to John H. Leland. In this view it is true that the declarations of the parties to the contract, made at a subsequent time, will not prove the *fact* of the contract. But, even in this point of view, as a part of the *res gestæ*, are not the declarations of the parties, in connection with their acts, competent to go to the jury? I take it to be perfectly well settled, that the declarations of John H. Leland, while in possession, of his ownership, are competent to be given in evidence, to characterize his possession. The mere naked fact of possession is, in itself, equivocal. It may be evidence of ownership, of the most conclusive character,—or it may amount to almost nothing, or, indeed, nothing at all. This must depend upon the length of time the possession is continued, and the claim under which it is kept up, and, more than all, upon the *acquiescence* of the former owner. Now the claim of the possessor can only be shown by his declarations, made at the time; and for this purpose these declarations are indispensable to be known to the triers. To shut out the declarations is, virtually, to shut out the fact of possession, as evidence of title,—which is acknowledged to be one of the most important *indicia* of the ownership of chattels. These declarations were *facts* in the case, and, when brought to the knowledge of Aaron P. Leland, the former owner of the chattels, and not contradicted by him, but, as in the present case, acquiesced in and positively re-affirmed, and this continued for the space of twenty months, and until, in the mean time, the property was attached by the creditors of the vendee, would seem to be evidence of a conclusive character, in ordinary cases, to show, either that the title had actually passed to John H. Leland, or, what is equally decisive of this case, that the vendor had inten-

51

tionally holden out to the world, that John H. Leland was the owner of the property, and, in faith of these assertions, it had been attached by his creditors. For if the former owner of property stands by, and suffers another to dispose of it as his own, or if he gives out that he has sold it to another, whereby that other gains a false credit, or his creditors are induced to attach the property, I take it to be well settled, that the owner of the property is thereby estopped from asserting his title, to the prejudice of the innocent, *bona fide* purchaser, or attaching creditor. Both these views of the case seem to have been wholly disregarded in the court below; and for these reasons I should grant a new trial.

In my judgment it is not a sufficient answer to this view of the case, that the plaintiff might and should have called Aaron P. Leland, who was a competent witness, to prove his own declarations and how far he acquiesced in the claim of John H. Leland. I have no doubt he *was* a *competent* witness for that purpose,—but not the *only competent witness.* All this might have been as well *known* to other witnesses, as to Aaron P. Leland; and, being *known* to them, the plaintiffs might elect what witnesses they would rely upon. And had the plaintiffs put Aaron P. upon the stand, to prove these facts, if they were irrelevant to the issue, he could not have been examined to them in his direct examination, nor on cross examination, unless in reply to something drawn out by the other party. And if these facts are relevant to the issue, and Aaron P. had first been examined, and had denied them *in toto,* they might still have proved them by *other* witnesses;—much more, then, might they have proved them by other witnesses in the first instance; so that this question must turn upon the point, whether this testimony was competent evidence, either as tending to show a sale in fact, or such conduct on the part of Aaron P., as subjected the goods to attachment.

I know that the fact, that this was, in terms, a conditional sale, tends, in some measure, to explain these declarations, both on the part of the vendor and the vendee;—but how far this explanation was satisfactory, and, in fact, whether the sale was in reality conditional, or whether this, too, might not have been a part of the scheme, designed by the parties to protect the property from attachment, were all questions of fact, to be *determined* by the jury under proper instructions. The cases of *Carpenter* v. *Hollister et al.,* 13

Vt. 552, and *Hines* v. *Soule,* 14 Vt. 99, have been supposed to settle this case; but I do not so understand those cases. In *Carpenter* v. *Hollister,* it is expressly declared, that the declarations of the grantor of land, made while he was in the possession of it, are competent evidence to show the nature and extent of his possession, and that beyond that they are not evidence to defeat the *title of record.* And it was upon this ground, mainly, that the case was put by the court. In the case of *Hines* v. *Soule* the authorities are very extensively reviewed by Judge Bennett, and it is very clearly shown there, that the declarations of the possessor of personal property are competent to be given in evidence, for the purpose of qualifying and limiting his possession. But the admissions in that case were offered for the purpose of *defeating the effect of a formal sale* and *long continued possession,* and were intended to operate as *admissions* merely, and were so received and acted upon by the jury. In this view they were improperly received, and for this reason a new trial was granted. But if that case is to be understood as deciding that *no declaration of any one* can be shown by *another person's testimony,* when he is himself a competent witness in the case, it goes farther than any other case has gone, and farther than any case ought to go, and farther than the court intended,—as is evident from Judge Bennett's written opinion. My own opinion, in regard to this point in the case, is fully declared in *Beecher* v. *Parmelee et al.,* 9 Vt., 356–7. I think, therefore, in strictness, the testimony was admissible, and should have been received; and for that reason I should grant a new trial, in order to prevent this decision being drawn in precedent.