JOHN PHILLIPS, and others *vs.* MATTHEW LAUGHLIN.

Penobscot. Opinion announced May 11, 1904.

*Deed. Real Action,* declarations of predecessor in title not admissible.
*Evidence. New Trial.*

In the trial of an action involving the title to real estate, the declarations of a predecessor in title of either of the parties, made while in possession and against his interest, are generally admissible in evidence when such declarations relate to matters which must be proved or disproved by parol, such as the nature, character or extent of the declarant's possession, the identity or location upon the face of the earth of boundaries and monuments called for in the deed, or in regard to any material matter concerning the physical condition or use of the property.

But such declarations made out of court by the predecessor in title of a party to an action in court, as to the invalidity of a deed which appears to be sufficient in all respects, which bears all the insignia of genuineness and which has been duly recorded, are not admissible.

A new trial will be granted, when the court is satisfied that the great preponderance of the evidence was contrary to the finding of the jury, and a consideration of all the circumstances surrounding the transaction and which throw any light upon the question involved, show that the improbability of the demandant's position is so great that the court is forced to the conclusion that justice requires that the motion should be granted.

Motion and exceptions by defendant. Sustained.

Real action, to recover lot numbered sixty-nine on the corner of York and Pine Streets, Bangor, Penobscot County.

Plea, the general issue.

The plaintiffs claimed title as heirs of their father, John Phillips, who lived in California from about the year 1867 up to the time of his death which occurred some time in the year 1893, the exact time of his death not appearing in evidence.

The defendant claimed title under a foreclosed mortgage, executed by Catherine Phillips March 13, 1894, and then duly recorded. She died February 22, 1901, in Bangor, Maine, where she had lived.

One essential link in the chain of the defendant's title was what purports to be a deed of the premises from John Phillips to Catherine Phillips dated October 3, 1885, and executed, if at all, in the State of California, and bearing a notarial certificate of acknowledgment of the same date and recorded in Penobscot Registry of Deeds, October 17, 1887. The plaintiffs claimed that Catherine Phillips forged the signature of John Phillips to said deed bearing date of October 3, 1885, and had the notary place his false certificate of acknowledgment upon it, and she caused the same to be recorded in said Registry about two years later, viz: October 17, 1887. The defendant claimed that the deed was duly executed and duly acknowledged by John Phillips and mailed to Catherine Phillips and duly recorded by her.

The question at issue was whether the signature "John Phillips" upon said deed was forged. The plaintiff offered in evidence the two following letters of Catherine Phillips, exhibits 16 and 17, and which were admitted by the court against the defendant's objection and exception thereto duly taken.

### Exhibit No. 16, Plaintiff.

This place is worth twenty thousand dollars I wont let it go less the 20, 1893.

Bangor Octobe

Dear Brother I write those few lines to not .to sell this place where I am If you can come I would like to have you the want to take it

rember

from me, it is ten thousand dollars, rember, 10,000. Dont sell if the writ to for it (do as I tell you) The want to take it from me for nothing.

The are going to write to you for it be shure and don't sell for your life.

Tell them that it is yours Daughters Dont sell it is worth ten thouse Dollars.   Tell them you canot sell it that it belongs to your Daughter.   Dont answer there letter I will send you three thouse Dollars I would like to have you come on if you can but dont sell nor answer there lette they want to take it from me your Sister Catherine Phillips.

answer

Tall them that you dont want to sell it dont aswer there letter this place is Fifteen thousend Dollars.

I would have written to you befre this only they are trying to get it for nothing.

Be shure and dont let them know that I have writte to you you can live on the money it is wort Fifteen thouse Dollars dont you

soon as

sell it for your life but come on if you can writ to me as you get this and dont delay.

Dont you write and give them yor money for nothing tall them That it is your Daughters and you cannot sell It they want to take it For nothing Catherine Phillips

Your Sister Catherine.

be shure and dont write To them mind what I say

Your Sitert Catherine

do as I tell you

I wish you could come Dont you lat them have It now it is wort more than I can tell you now tall them you cant sell it write to me without delay.

Yours Caister catherine

It is worth $25. thousand Dollars and I wont sell It less mind what I tall you, do as I say Dar Brother I wish you could come here But do as I tell you.   If you should write to them tall them That you cant sell and your Daughter dont want to sell her

Exhibit No. 17 Plaintiff.

Bangor May the 18, 1893.

Dear Brther I write these few lines to not to sell this house of yours worth eight thousand dont write any lawyr or Regiser Deeds

here me first If you do write tell them you cant sell it and your daughter wont sell hers for your life dont give it away here from me first dont mind

Jow Tainey dirty raskeel and when you do want and must To sell it you will let me know but dont answer there Latter but write to me as soon as you can you have a lot Of money here and dont throw It away mind what I tell you Yours sister Catherine Phillips come on I have done wall for you dont give one Corper for them to have it See what you are doing first They would cut the very soule out of you come on if you can dont delay but write to me dont write them until you heer from me

CATHERINE PHILLIPS.

If you do write tell them you dont wont to sell you place that can give you all a good living keep sill dont say anything about it I will send you rant write when you get this

PHILLIPS

Your Sister CATHERINE

*Taber D. Bailey,* for plaintiff.

These two letters were written in 1893, before the defendant's claim of title originated, but while she was in possession of the property and apparently claiming to own it. They were admissible to contradict her claim of ownership. They were her admissions that she did not own the property although apparently standing in her name on the records. *Hosmer* v. *Groat,* 143 Mass. 16; *Secor* v. *Pestana,* 37 Ill. 525; *Brown* v. *Calumet River Co.,* 125 Ill. 600; *Gregory* v. *Commonwealth,* 121 Pa. St. 611, 6 Am. St. Rep. 804: *Abbott* v. *Pratt,* 16 Vt. 626; *Reed* v. *Reed,* 46 Pa. St. 239.

A forged deed is absolutely void; the conveyance is void as to all subsequent purchasers of the property and evidence to show that the first conveyance is void is competent against all subsequent purchasers. Her admissions, therefore, whether made after the defendant's chain of title started or before are admissible. *Jackson* v. *Titus,* 11 Wend. (N. Y.) 533.

If the parties to the case were Catherine Phillips or her heirs and the defendant, the objection of the defendant would lie, but the question at issue is not in relation to the conveyance from her but the alleged conveyance to her.

Evidence admissible for one purpose if offered in good faith for that purpose is not made inadmissible by the fact that it could not be used for another with regard to which it has a tendency to influence the mind.    *Whipple* v. *Rich,* 180 Mass. 477.

These letters were admissible as suggesting a strong inference that John Phillips did not sign the disputed deed, and the fact that they are declarations of a grantor against her own deed does not render them inadmissible.    But, as a matter of fact, when these letters were written defendant's chain of title had not started.

Again, these letters are admissible because they are declarations made by a person deceased against her interest, concerning facts which she above all others had knowledge, and it makes no difference whether made at the time of the alleged transaction or afterward.    9 Am. & Eng. Ency. of Law, 2nd ed. p. 8.

*Matthew Laughlin,* for defendant.

Counsel argued:    (1) A preliminary question of fact as to the competency of evidence should be decided either by the court or by taking the opinion of the jury upon it before admitting it all.

(2) The court erred in permitting the letter with the illegible date, Octobe, 1893, (1895?), to be admitted in evidence until its date had been shown.

Counsel cited:    *Walsh* v. *Wheelwright,* 96 Maine, 174, 187; 15 Genl. Digest. Am. & Eng. (1903) p. 1686, § 89, (b); *O'Donnell* v. *Hall,* 154 Mass. 429; *Rawson* v. *Plaisted,* 151 Mass. 73, and cases; *Steinbach* v. *Stewart,* 11 Wall. p. 566; *Royal* v. *Chandler,* 83 Maine, 150; *Walker* v. *Curtis,* 116 Mass. 98; *Com.* v. *Gray,* 129 Mass. 474; *O'Connor* v. *Hallinan,* 103 Mass. 548; *Gorton* v. *Hadsell,* 9 Cush. 508; *Foster* v. *Mackay,* 7 Met. 531, 538; 1 Greenl. Ev. § 49, (15th ed.) note f; 11 Am. & Eng. Ency. (2nd ed.) p. 496; Id. 23, p. 556; *State* v. *Thompson,* 80 Maine, 194.

(3) Resolving every doubt in favor of the plaintiffs, then both letters should have been excluded being declarations of our grantor in disparagement of her record title.    1 Am. & Eng. Ency. Law, (2nd ed.) p. 680, note 3, and cases; *Carpenter* v. *Hollister,* 13 Vt. 552; *Ware* v. *Brookhouse,* 7 Gray, 454, 456.

SITTING:  WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, JJ.

WISWELL, C. J.  Real action in which the demandants are the heirs at law of John Phillips who, admittedly, was at one time seized in fee of the demanded premises.  The defendant claims under a deed from John Phillips to Catherine Phillips, he having acquired title to the premises from Catherine, if the deed to her was a valid one and conveyed the title.  This was the sole question at issue at the trial, viz, whether or not the deed which purports to have been signed by John Phillips on October 3, 1885, acknowledged by him on the same day before a notary public in the state of California, where the alleged grantor then lived, and received for record in October, 1887, at the Penobscot County Registry of Deeds, in which county the land was situated, was the deed of John Phillips.  The demandants claim that Phillips' signature to this deed was forged.  The trial resulted in a verdict for the demandants, and the defendant brings the case to the law court upon motion and exceptions.

A careful examination of all the evidence, an analysis of which would not be here profitable, satisfies us that the great preponderance of the evidence was contrary to the finding of the jury upon this question; and a consideration of all the circumstances surrounding the transaction and which throw any light upon the question, shows that the improbability of the demandant's proposition, that the deed was forged, is so great that we are forced to the conclusion that the verdict was erroneous and that justice requires that the motion for a new trial should be granted.

Although this disposes of the case, we think it proper that an important question relating to the admissibility of evidence offered should be considered and decided, as the same question will undoubtedly arise in a subsequent trial, if there should be one.

While Catherine was in possession of the premises, subsequent to the conveyance above referred to from John Phillips to her, and before she parted with her title, she wrote to the grantor, her brother, two letters which, it is claimed, have some tendency to support the

demandants' proposition that the signature of John to the deed in question was forged. These letters were offered and admitted in evidence subject to the defendant's exception, although the precise point subsequently argued, and which we now propose to consider, was not stated as a reason why these letters should not be admitted in evidence. This raises the question as to whether the declarations of a party in possession of and claiming to own land, against his interest, as to the validity of a duly recorded deed which purports to convey the title to him, are admissible in evidence against a party to a suit who claims title under such declarant.

In other words, is a purchaser for value from one who apparently has the record title to land, in the trial of a case involving his title, liable to be confronted, and to be divested of his title, by a declaration made by his grantor to the effect that a conveyance to that grantor, which, so far as appears, is in due form and sufficient in all respects to convey the title, is, for any reason invalid? A doctrine which would admit evidence of such a character would certainly be a most dangerous one, since it would allow the most reliable evidence of title to land to be. contradicted and overcome by evidence of alleged declarations, and admissions of his grantor, made perhaps many years before, and which is recognized as a most unreliable species of evidence. It would permit the title of an innocent purchaser for value, which depended upon records and deeds, and which had been acquired by a purchaser after first taking every precaution possible, to be overcome by the mere oral evidence of alleged declarations as to the validity of the deed under which his grantor acquired his title.

We are unable to perceive any good reason why, and we are not aware of any general rule under which declarations of this character should be admissible, while the reasons already suggested why a purchaser's title should not be divested by evidence of this character, are most obvious. This evidence at best is hearsay evidence and should be excluded under the general rule in relation to such evidence, unless it comes within some well recognized exception to that rule, and exceptions to this salutary rule should not be multiplied or extended. The exception to the effect that the declarations of a party to a suit contrary to his interests are admissible, a well recog-

nized rule, is not sufficient to make admissible the declarations of a third person, the party's grantor, which have a tendency to contradict records and matters which can only be proved by deeds and by records.

It is true that numerous cases contain the general statement that declarations made by a person while in possession of land in disparagement of his title are admissible against those claiming under him. But an examination of a large number of cases wherein this general statement is made, or which are cited in support of such a statement in digests and text books, shows that in almost every case the declaration held admissible is in regard to the nature, character or extent of the declarant's possession, or as to the identity of monuments or the location of boundaries called for in a deed. For instance, in *Osgood* v. *Coates*, 1 Allen, 77, the court said in referring to a declaration of such a character which was held admissible: "It tended to show that his occupation was not adverse to the record owners." In *Blake* v. *Everett*, 1 Allen, 248, the question was as to whether a right of way had been gained by prescription, and it was held that the declarations of a former owner of the land made during his ownership and tending to prove the existence of such a right of way, were competent evidence against the person claiming under him. In *Hyde* v. *County of Middlesex*, 2 Gray, 267, it was held that the declarations of a former owner of land in regard to a dedication of the land to a public use were admissible in evidence against a subsequent owner. In *Simpson* v. *Dix*, 131 Mass. 179, the question was as to who in fact was the grantee intended in a deed, there being two persons of the same name, and it was held that the admissions of one made while he was occupying the premises that the premises belonged to the other were competent against a person claiming under the declarant. In *Horner* v. *Stilwell*, 35 N. J. 307, the question involved was as to the height at which the defendant was entitled to hold the water in his pond by means of a dam, and the declarations offered and admitted were in relation to this question, and as to the previous height at which the dam had been maintained. In *Cook* v. *Knowles*, 38 Mich. 316, the court went rather further than in most of the other authorities which we have

noticed, and held that such a declaration tending to show the true date of the delivery of a deed was admissible. In this case the dissenting opinion of Judge Cooley contains a very full analysis of the authorities up to that time, 1878, upon this question, at the conclusion of which he says, "but an examination of the cases will show, I think, that not more than one or two go to the extent here claimed." This opinion contains a valuable discussion of the question here involved. But the extent to which a majority of the court went in that case, in holding that declarations tending to show the true date of the delivery of the deed are admissible, falls short of the position of the plaintiff in this case, to the effect that declarations tending to show that the deed which conveyed to the declarant an apparently perfect record title, was forged, are admissible.

But these are all matters that must be proved or disproved by parol evidence. Every purchaser knows that however perfect a record title he may have acquired, this title may be affected by parol evidence of disseizin, or of an easement gained by prescription, or as to a right of flowage lost or gained by user, or as to the location upon the face of the earth of monuments and boundaries called for in his or some prior deed. So that if any of these questions are involved, which can only be proved or disproved by parol evidence, the declarations of a person against interest, who had been in possession, as to the character of that possession or as to its extent, are admissible on sound reason. So too, if the question at issue is as to the location or identity of monuments, it is obvious that the declarations of a person in possession, who has peculiar opportunities for knowledge in regard to such matters, are also admissible for equally good reasons. But a purchaser who has obtained a deed of real estate from one who has the record title thereto cannot, and ought not to be obliged to, anticipate that he may be confronted by the declarations claimed to have been made out of court, by a predecessor in title, to the effect that a prior deed in the chain of title, which bears all the insignia of genuineness, and which has been held out as such, is, for any reason, invalid.

And this is the extent to which the authorities have gone in the vast majority of cases, although the courts have frequently been con-

tent to make the general statement, that declarations made by persons while in possession of land, against his interest, are admissible against any one claiming under him, because the circumstances of the particular case have not required a more precise statement of the rule.    We cheerfully agree to this statement limited and qualified to the extent above claimed, that such declarations against interest in regard to the nature, character or extent of the declarant's possession, the identity or location upon the face of the earth of boundaries and monuments called for in a deed, or in regard to any matter concerning the physical condition or use of the property, which must be, from the nature of things, proved by parol, are admissible.    But we decide that it is not competent to prove declarations made out of court by the predecessor in title of the party to an action in court, to the effect that a deed which appears to be sufficient in all respects which is duly recorded and which a purchaser has been led to rely upon as one of the necessary links in its chain of title, from the very fact of its being recorded, is not what it, and the record of it, purports to be.

While, as we have said, no case, with one or two possible exceptions, that we are aware of, goes to the extent of permitting declarations of this character to be admitted, the authorities where this precise question has been considered have almost universally held that such declarations were not admissible.    In many cases where the general rule as to the admissibilty of such declarations has been stated, this sentence from 1 Greenleaf on Evidence, § 109, is quoted, "declarations in disparagement of the title of the declarant are admissible, as original evidence."    But an examination of the whole section shows that the learned author was referring to the declarations of persons in possession of land "explanatory of the character of their possession."    The author goes on to say in the same section: "Possession in prima facie evidence of seizin in fee simple; and the declaration of the possessor, that he is tenant to another, it is said, makes most strongly against his own interest, and therefore is admissible.    But no reason is perceived why every declaration accompanying the act of possession, whether in disparagement of the claimant's title, or otherwise qualifying his possession, if made in good

faith, should not be received as part of the res gestae; leaving its effect to be governed by other rules of evidence."

In 2 Wharton on Evidence § 1157, the author quotes from *Cook* v. *Harris*, 61 N. Y. 448, this statement in regard to the admissibility of such declarations: "The declarations of a party in possession are admissible in evidence against the party making them, or his privies in blood or estate, not to attack or destroy the title, for that is of record and of a higher and stronger nature than to be attacked by parol evidence. They are competent simply to explain the character of the possession in a given case." The rule is thus concisely stated, but with the necessary qualification, in 1 Am. Eng. Encyl. of Law 2d. ed. 680: "The admissions of a person in disparagement of his title, but not in contradiction of a record title, are competent evidence against those claiming under or through him so far as there is identity of interests." And see the cases cited in support of the qualification.

In *Dodge* v. *Freeman's Saving & Trust Co.*, 93 U. S. 379, it was decided that: "The declarations of a party in possession of land are, as against those claiming under him, competent evidence to show the character of his possession, and the title by which he held it, but not to sustain or destroy the record title."

In the case of *Carpenter* v. *Hollister*, 13 Vt. 552, 37 Am. Dec. 612, a very closely analogous question was presented. The issue of fact in the case was as to the competency of a prior grantor in the chain of title to make a deed. The declarations against his interest of the grantee in that deed, a predecessor in title of the defendant, were offered upon that question. The court after reviewing the authorities and calling attention to what in fact had been decided in the cases cited, said: "In this case, the plaintiff insists that the concessions of the grantor made while in possession not explaining or qualifying that possession, are admissible to defeat his title, apparently good of record, even against an innocent, bona fide purchaser, on good consideration. This we think dangerous and unprecedented." In the case cited the person whose declarations were offered was living at the time of the trial, while in this case Catherine Phillips was dead at the time that these declarations were offered; but in our opinion

this in no way affects the question, the objection is to the character of the alleged declarations as bearing upon the validity of a deed apparently sufficient, and it can make no difference as to the admissibility of such declarations, whether the declarant is living or dead.

We are therefore satisfied, both upon reason and the great weight of authorities in cases where this question has been considered, that the declarations of Catherine Phillips, made while the record title was in her, as to the validity and genuineness of the deed from John Phillips to her, were not admissible against this defendant.

*Motion and exceptions sustained.*