WILLIAM PICKERING, JR. *vs.* JAMES REYNOLDS, JR.

Essex. Nov. 3. — 4, 1875. WELLS, COLT & MORTON, JJ., absent.

The declarations of an occupant of land, in disparagement of his title, are admissible in evidence against one subsequently attaching and levying upon the land as his property.

Upon the issue, on the trial of a writ of entry, whether the tenant, or his father of the same name, under whom the demandant claimed, was grantee in a deed of land to one of that name, the bill of exceptions showed that the demandant introduced evidence tending to show that the father was grantee, that the deed was delivered to him, that after the delivery of the deed he made declarations as to the property when digging a cellar upon the premises, which were excluded in evidence without exception by the demandant. The tenant introduced evidence that his father bought the land with his money, that his father gave him a deed of the land after the action was commenced, and not before, and declarations of the father when digging the cellar that he bought the land for the tenant. The demandant in reply offered evidence of the declarations of the father to other persons, when digging the cellar, and before the action was commenced, that the land was his. This evidence

was excluded. It was not contended that these declarations were part of the dec-
larations of the father, put in evidence by the tenant. *Held*, that their exclusion,
when offered in rebuttal, gave the demandant no ground of exception.

WRIT OF ENTRY, dated December 8, 1868, to recover land in
Danvers. Plea, nul disseisin. Trial in the Superior Court, be-
fore *Brigham*, C. J., who allowed a bill of exceptions in substance
as follows:

The demandant put in evidence the levy of an execution,
amended by leave of court and ruled to be sufficient, upon the
premises described in his writ, said execution having. been is-
sued upon a judgment in an action in which said premises were
duly attached on September 24, 1867, as the property of James
Reynolds, Sen., and duly set off to the demandant upon said ex-
ecution on February 22, 1868.

The demandant also put in the deed of Gilbert A. Tapley to
James Reynolds, produced by the tenant upon the call of the de-
mandant, and called Tapley as a witness, who testified that he
executed the deed, that Reynolds, Sen., paid him the considera-
tion thereof, that he delivered the deed to him at the time of
payment; that he saw Reynolds, Sen., upon the premises sev-
eral times after the delivery of the deed, that he never saw nor
spoke to the tenant about the land, and that the tenant was not
present when the deed was delivered.

The demandant also offered evidence that Reynolds, Sen.,
dug a cellar upon the premises after the delivery of said deed;
and also, as a part of his evidence in chief, offered the testimony
of Frank Eveleth, who testified that he went with Reynolds,
Sen., to the cellar, and afterward to the latter's house, where
Reynolds, Sen., exhibited to him Tapley's deed of the demanded
premises, and made certain declarations, which the judge ex-
cluded, without exception by the demandant. The declarations
thus excluded were of the same character, and to the same ef-
fect, as declarations in relation to the demanded premises, again
offered by the demandant in rebuttal of the tenant's case, as
hereinafter stated. The demandant then rested his case.

The tenant then testified that he was the son of James Rey-
nolds, Sen., now deceased; that in the year 1862, being at the time
sixteen years of age, he enlisted in the United States service, and
while in said service on two or three occasions sent his father

money; that his father received his money paid for enlisting; and was further allowed to testify, under the demandant's objection and exception, as follows : " Some time after said purchase, father said he bought the land for me with money I sent home from the army, and calculated to build a house on it, and would pay for it." On cross-examination the tenant testified that his father handed him the deed after this suit was commenced, and that he never had it before.

The tenant called another witness who was allowed to testify, under objection and exception, that he asked Reynolds, Sen., while he was digging the cellar on the land, and after the said deed had been delivered to him, what he was doing, and he re plied as follows : " For my son James, who has come from the war a cripple, and has sent home and saved from his bounty and pay about $300 ; I wish to get him up a place, so that when I die James will have a home." These declarations were offered for the purpose of showing to whom said land was conveyed.

The demandant then offered in evidence, to rebut the tenant's case, the declarations of Reynolds, Sen., made to other parties at the time of digging said cellar, as follows : " This land is all paid for, and I have a deed of it, and this land is mine." The declarations of Reynolds, Sen., thus offered in evidence, were made before the demandant attached the demanded premises, but it was not claimed that they were a part of any declarations put in evidence by the tenant as above stated. The judge ruled that the evidence offered was incompetent and excluded it.

The jury found for the tenant, under instructions to which no exception was taken ; and the demandant alleged exceptions to the said rulings and admission and exclusion of evidence

*C. Sewall*, for the demandant.

*S. B. Ives, Jr.*, for the tenant.

GRAY, C. J. If the declarations of the elder Reynolds in disparagement of his title were made before the demandant's attachment, they were clearly admissible in evidence against the demandant who claimed under him, and the bill of exceptions does not show that they were made since the attachment.

The declarations of the same person, made at a different time, had no tendency to contradict the first declarations, and, if they were admissible at all, it was because they tended to prove the

demandant's original case.  *Kingsford* v. *Hood*, 105 Mass. 495.
The demandant did not except to their exclusion when offered in
chief, and has no right of exception to their exclusion when of-
fered in rebuttal.  *Wheeler* v. *Wheeler*, 116 Mass. 297.  *Wallace*
v. *Taunton Street Railway*, ante, 91.

*Exceptions overruled.*