CYRUS A. SHERMAN vs. WILLIAM A. HALL, Admx.

Kennebec.    Opinion December 28, 1896.

*Witness.   Parties.   Evidence.   R. S., c. 82, § 98, par. II.*

The defendant was sued in his representative capacity, and introduced a witness who testified to a conversation with the plaintiff before the death of the defendant's intestate, but not in the latter's presence. The plaintiff was then allowed to testify in regard to that conversation.  *Held;* that the plaintiff's competency as a witness is to be determined by the rules of the common law, under which he was incompetent as a witness.

*Also,* that the case does not fall within any of the exceptions of the statute under which, in a few specified instances, the defendant is a competent witness.

ON EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit brought to recover for the personal services of the plaintiff and his crew, teams and machinery, while cutting the hay of the defendant's intestate in the season of 1894. The verdict was for the plaintiff. During the trial both the defendant and the plaintiff were allowed to testify as to matters occurring after the death of the intestate without objection. The defendant claimed that the haying was to be done by the job, an entire contract, for the sum of sixty dollars. But the plaintiff contended that no contract was made and that he was entitled to his pay, for what his services were reasonably worth, and offered evidence of the amount of work done, the number of days, and the price per day, supported by the testimony of his neighbors upon the going price of wages for similar services.

The defendant, to support his contention that the work was to be done by the job for the sum of sixty dollars, called a witness who testified that prior to the death of the intestate and not in his presence he met Sherman, the plaintiff, alone upon the road and asked him if he was going to cut Hall's, the intestate's, hay, and what he got for it. To which Sherman, the plaintiff, replied that he was, and that he got sixty dollars for it, but that it was not enough.

The plaintiff was then called and testified as follows:—

Q. "You heard what this last witness said?"

A. "Yes, sir."

Q. "What have you got to say to it?" (Objected to because something that happened prior to the death of the defendant's intestate. Admitted. Exception allowed.)

A. "I don't remember anything of that kind; but if there was anything of that kind, it was what Mr. Hall paid me the year before. As for having sixty dollars, I never had it but one year, and never was anything—"

The defendant was allowed his exceptions to the last question and answer.

*W. T. Haines*, for plaintiff.

*Harvey D. Eaton*, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J. Defendant was sued in his representative capacity. Defendant introduced a witness who testified to a conversation with plaintiff before the death of defendant's intestate, but not in his presence. Plaintiff was then allowed to testify in regard to that conversation. Exception is taken to the admission of this testimony from plaintiff.

The statute allowing parties to be witnesses, in express terms is made not to apply to cases where one of the parties is an administrator or executor, except in a few specified instances. This case does not fall within any of the exceptions. The plaintiff's competency was to be determined by the rules of the common law, under which he was incompetent as a witness. The statute is plain and imperative, and does not admit of any other construction.

*Exceptions sustained.*