CHARLES W. FALL *vs.* OSCAR E. FALL.

York.    Opinion March 18, 1905.

*Adverse Possession.    Evidence.    Declarations in Disparagement of Title.*

The declarations of a person under whom title is claimed are receivable against the successor, if at all, on the theory that there is sufficient identity of interest to render the statements of the former equally receivable with the admissions of the latter.

The most common instances in which such declarations have been admitted in evidence are those in which the declarants were in possession, being explanatory of their possession.

Titles of real estate being matters of record, sound policy requires that they should not be affected by mere declarations of the parties, and that declarations in disparagement of titles should be shown to have been made in good faith.

It is indispensable to the admissibility of declarations against a tenant that he should be the declarant's successor in title; also that they be in reference to facts provable by parol, and that they tend to establish such facts.

Declarations which do not bear upon the quality of any possession of the declarant, and have no reference to the identity or location of boundaries or monuments, or to any matter concerning physical conditions or use, are properly excluded; and where their sole purpose is to show that the title which the record showed to exist did not in fact exist, they are not admissible, whether the declarant was in or out of possession, or is living or dead.

On exceptions by plaintiff.    Overruled.

Real action.

The case is stated in the opinion.

*William S. Pierce and George F. and Leroy Haley*, for plaintiff.
*James A. Edgerly and William S. Matthews*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

PEABODY, J.    This is a real action brought to recover possession of a lot of woodland situated in Berwick, York County, Maine.

The plea is the general issue.

The demandant offered evidence of the declarations of Mary Fall, made while she held the record title to the demanded premises, that she was not the owner of the lot described in the writ and that the demandant was the owner.    This evidence was excluded and exceptions taken by the plaintiff; and the court ordered a nonsuit, to which the plaintiff also excepted.    The case is before the law court on these exceptions with agreement on the part of the plaintiff's counsel that if the rulings of the presiding justice in excluding the evidence offered are correct, there is no evidence to support the plaintiff's case and the nonsuit is to be confirmed.

The land in question formerly belonged to Tristram Fall, the father of the plaintiff and defendant, who died in 1871.    In 1866 he conveyed the premises to his wife, Mary Fall, the mother of the parties, by deed, which appears to have been recorded.

The demandant was a minor at the date of the conveyance to his mother.    It was made to her at his request, and upon receiving the title, she mortgaged the land for the purpose of raising money for

the payment of the grantor's debts, and the demandant on becoming of age signed the mortgage note and subsequently paid the same. The record title remained in Mary Fall until her death in 1898.

The demandant alleges in his writ that the defendant is in possession, and this the defendant by his plea admits. This possession is good against the plaintiff until he establishes a better title by affirmative evidence. He offers no deed of conveyance but relies, according to his informal statement of title, upon the fact that he has occupied the demanded premises by "peaceable, continuous, adverse, uninterrupted possession of and dominion over said land; said possession being begun under color of title and continuing for more than twenty years prior to the date of the plaintiff's writ." He testifies that he entered into possession in 1866, in the lifetime of his father while he held the record title, and continued in possession until his mother's death in 1898. He offered in evidence the declarations of his father, Tristram Fall, in disparagement of his title before he conveyed the real estate to his wife, Mary Fall. This evidence was excluded by the court and forms no part of the exceptions.

The demandant's alleged adverse possession to be available in acquiring title against the record title of Mary Fall must have continued for twenty years. It is claimed that the declarations of Mary Fall, although made when she was not in possession of the premises, are admissible against her and those in privity with her in respect to the demanded premises because in disparagement of her record title.

It is an established rule of evidence that the declarations of a person under whom title is claimed are receivable against the successor so claiming, if admissible at all, on the theory that there is sufficient identity of interest to render the statements of the former equally receivable with the admissions of the latter himself.

The most common instances in which declarations in disparagement of title have been held admissible in evidence are those in which the declarants are in possession, being explanatory of the nature of their possession. Possession being prima facie evidence of seizin in fee simple, a declaration qualifying it is admissible. 1 Greenleaf on Evidence, sec. 109; *Peaceable* v. *Watson,* 4 Taunton, 16; *Marcy* v. *Stone,* 8 Cush. 4; *Osgood* v. *Coates,* 1 Allen, 77; *Morton* v.

*Pettibone,* 7 Conn. 319; *Pickering* v. *Reynolds,* 119 Mass. 111; *Ware* v. *Brookhouse,* 7 Gray, 454.

In the last case cited it was sought to introduce declarations of a deceased prior owner that he had title to the right of way in dispute. They were held inadmissible as self-serving declarations. The court say: " But there are, we think, the soundest reasons why such declarations should not be admitted. The first is, that titles to real estate are matters of record, and wisely so; and that sound policy obviously requires that we should carefully guard against their being affected and impaired by mere acts in pais, and, a fortiori, by mere declarations of parties. Secondly, that as to declarations made in disparagement of title and against the interest of the party, we have the evidence of their being made in good faith."

In *Sullivan Granite Company* v. *Gordon,* 57 Maine, 522, Appleton, C. J., says: " In all the cases in this state and in Massachusetts, in which declarations have been received, they related to the land in controversy, were made by the declarant while in possession, and were offered in evidence against him or those deriving title under him."

But the cases in which a party and his privies may be affected by his admissions are limited to those where the subject matter of admission is subject to parol proof. The rule does not apply to matters which can only be proved by written evidence. 3 Phillips on Evidence, C. & H. notes, 266; *Keener* v. *Kauffman,* 16 Md. 296; *Dorsey* v. *Dorsey,* 3 Har. & J. 426. In *Jackson* v. *Cary,* 16 Johnson, (N. Y.) 302, Spencer, C. J., says: "Parol proof has never yet been admitted to destroy or take away a title." Wharton on Evidence, sec. 1156; *Phillips* v. *Laughlin,* 99 Maine, 26.

It is indispensable to to the admissibility of declarations against the tenant on the ground of privity in estate that he should be the successor in title to the demanded premises. It is claimed by the defendant that such privity of estate has not been shown in this case; but the exceptions expressly state that, " The defendant attempted to prove the declarations of Mary Fall, under whom the tenant claimed by will, while the record title was in her." Although the evidence reported does not show the source of the tenant's title, it is not in

conflict with the statement in the exceptions.   It is indispensable also that the declarations be in reference to facts provable by parol, and that they tend to establish such facts.   In *Phillips* v. *Laughlin,* 99 Maine, 26, supra, Wiswell, C. J., after a review and an analysis of a wide range of authorities cited, makes a carefully limited generalization, namely, "that such declarations against interest, (namely, of a person while in possession of land) in regard to the nature, character or extent of the declarant's possession, the identity or location upon the face of the earth of boundaries and monuments called for in the deed, or in regard to any matter concerning the physical condition or use of the property, which must be, from the nature of things, proved by parol, are admissible."   But in the same case, it was also held that "it is not competent to prove declarations made out of court by the predecessor in title of a party to an action in court, to the effect that a deed which appears to be sufficient in all respects, which is duly recorded and which a purchaser has been led to rely upon as one of the necessary links in its chain of title, from the very fact of its being recorded, is not what it, and the record of it, purports to be."

In the case at bar the excluded declaration bore not upon the quality of any possession of the declarant, and it had no reference to identity or location of boundaries or monuments, or to any matter concerning physical condition or use.   Its sole purpose was to destroy what was apparently an invulnerable muniment of title by deed and record, and to show that the title which the record declared did exist, did not, in fact, exist.   We think such declarations limited to such a purpose are not admissible, whether the declarant was in or out of possession, at the time, or whether she is now dead, or alive.   The case comes within the doctrine of *Phillips* v. *Laughlin,* supra, for we conceive that there can be no real distinction, in principle, between the case of a tenant holding by inheritance, and one holding by deed.   In either case such declarations as the one in question, are open to the same objection, namely, that they do not tend to prove any fact in disparagement or destruction of a record title, which is provable by parol.

*Exceptions overruled.*