## SARAH E. MUNSEY *vs.* WILLIAM A. D. HANLY.

### Lincoln.    Opinion February 21, 1907.

*Trespass Quare Clausum.    Dower.    Rights before assignment.    Title to maintain.*
*Evidence.    Admissions and Declarations.    Harmless error.*

The gist of the action of trespass quare clausum is the disturbance of the possession.

Until dower has been lawfully assigned the right thereto is a mere chose in action, and confers no title to or seizin of the land itself.

A widow entitled to dower in land cannot maintain trespass quare clausum for an injury done to the land when her dower has not been lawfully assigned to her.

Admissions and declarations in disparagement of title are limited to those cases where the subject matter is capable of parol proof,

When admissions and declarations do not relate to the declarant's possession, which is provable by parol, but to his legal title, which such evidence is not competent to defeat, then such admissions and declarations are not admissible.

When in an action of trespass quare clausum testimony which has no bearing except upon the question of damages, is offered by the plaintiff and excluded such exclusion is not error unless the plaintiff shows a right to maintain such action.

On exceptions by plaintiff.    Overruled.

Trespass quare clausum to recover damages alleged to have been committed in July and September, 1905, on land to which the plaintiff's husband held title in fee at the time of his death in 1899.

Tried at the October term, 1906, of the Supreme Judicial Court, Lincoln County.    During the trial the plaintiff offered certain testimony which was excluded.    To this ruling the plaintiff excepted. At the conclusion of the plaintiff's evidence, the presiding Justice ordered a nonsuit.    To this ruling the plaintiff also excepted.

The case appears in the opinion.

*Wm. H. Hilton,* for plaintiff.

*L. M. Staples,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This was an action of trespass quare clausum brought by the plaintiff to recover damages of the defendant, for trespasses committed by him July 23 and September 1, 1905, on land to which Merrill Munsey, the husband of the plaintiff, held title in fee during coverture and until his death in the year 1889.

The plaintiff, the widow, with the five minor children of Merrill Munsey, continued to reside on the land in controversy. Under the statute in force at her husband's death she was entitled to dower, but it had not been assigned at the time of the alleged trespass.

The only evidence which the record presents consists of the plaintiff's testimony. It sufficiently proves her husband's ownership of the land, her continued occupancy with his children and the wrongful destruction by the defendant of trees growing on the land. She offered testimony to show how the defendant's acts and language at the time of the trespass affected her nervous system and as bearing upon her claim for exemplary damages. The presiding Justice excluded the testimony as to the effect upon her health of the acts done by the defendant in aggravation of the trespass, and ruled that the action could not be maintained upon the evidence, and ordered a nonsuit.

The case is before the Law Court on the plaintiff's exceptions to this exclusion of testimony, ruling and order of nonsuit.

The excluded testimony has no bearing except upon the question of damages, and is therefor immaterial unless the plaintiff has shown a right of action in this form. *Ames* v. *Hilton,* 70 Maine, 36; 12 Eng. & Am. Enc., 19; 28 Eng. & Am. Enc., 610.

The gist of the action of trespass quare clausum is the disturbance of the possession. *Brown* v. *Manter,* 22 N. H. 468; 4 Kent Com. 120; 3 Bl. Com. 210; Cooley on Torts, 379.

There is authority for holding that a widow continuing to reside in the house of her husband after his death has such possession by virtue of her right of dower, even before it is assigned as entitles her to maintain trespass quare clausum against a wrong doer or even against the heir. *Stevens* v. *Stevens,* 96 Ga. 374; *Frisbee* v.

*Marshall,* 122 N. Car. 760.   But these cases and those of similar import will be found to be departures, under statutory provisions, from the rule established by the weight of English and American authority, that until dower has been lawfully assigned the right thereto is a mere chose in action, and confers no title to or seizin of the land itself.   *Johnson* v. *Shields,* 32 Maine, 424 ; *Clarke* v. *Hilton,* 75 Maine, 426 ; *Hildreth* v. *Thompson,* 16 Mass. 191 ; 1 Wash. R. E. 222, 253 :   4 Kent Com. 61.

The plaintiff's possession in this case was only a continuance of the occupation which she had during the life of her husband, and at the expiration of her ninety days quarantine as his widow it was subservient to the possessory rights which descent conferred upon the heirs, who were at the time of the alleged trespass in actual possession.   Her right to remain was permissive and not inconsistent with their legal right of possession.

But it is claimed by the plaintiff that her possession was not that of doweress merely, but had been given her by the heirs.   The evidence does not prove that she held possession by their consent.   She relies upon the effect of their declarations and her testimony in support of this claim is, that as the children grew up they said to her repeatedly, " Mother the place is yours," " Mother you have brought us up and this place is yours."   These declarations besides being indefinite do not come within the rule of admissibility.   Admissions and declarations in disparagement of title are limited to those cases where the subject matter is capable of parol proof.   These do not relate to the declarants' possession which is provable by parol but to their legal title which such evidence is not competent to defeat.   3 Phillips on Evidence C. & H. notes, 266 :   Wharton on Evidence, sec. 1165 : *Keener* v. *Kauffman,* 16 Md. 296 ; *Dorsey* v. *Dorsey,* 3 H. & J. 426 ; *Phillips* v. *Laughlin,* 99 Maine, 26, and cases cited.   In *Jackson* v. *Cary,* 16 Johnson (N. Y.) 302, Spencer, C. J., says :   " Parol proof has never yet been admitted to destroy or take away title."

The evidence fails to prove the plaintiff's right to maintain this action, and a nonsuit was properly ordered.   She was not prejudiced by the exclusion of the evidence offered on the question of damages

                                        *Exceptions overruled.*