FRANK W. TITCOMB *vs*. MATTIE A. POWERS, Executrix.

Aroostook.    Opinion August 16, 1911.

*Money Had and Received. Bills and Notes. Evidence.*

Under the count for money had and received, it is incumbent upon the plaintiff to prove, not only the receipt of the money by defendant, but also that it was received by him to plaintiff's use, that is, the plaintiff's title to it.

Although the legal property in a note may pass to the holder, it is competent under a count for money had and received by indorser against indorsee to show by parol testimony that such note was held in trust to be accounted for in a particular manner, but in such case the possession of the note is prima facie evidence that it is the property of the holder.

To establish such trust the evidence must be full and clear. Vagueness and indefiniteness of proof are as much an objection to sustaining a count for money had and received as in other actions. A proposition is not proved so long as the evidence furnishes ground for conjecture only, or until the evidence becomes inconsistent with the negative.

A negotiable note expressing value received may be given in evidence in support of counts for money had and received and money paid between the immediate parties to the note.

On motion by defendant. Sustained.

Action for money had and received, brought by the plaintiff against the defendant as executrix of the last will and testament of Llewellyn Powers, late of Houlton, deceased testate. The plaintiff's specifications were as follows :

"Estate of Llewellyn Powers to Frank W. Titcomb, Dr.

"To cash paid to Llewellyn Powers, being the proceeds of two certain notes of one thousand dollars each, given by Thayer & Collins of Keene, New Hampshire, to Frank W. Titcomb and sold by the said Frank W. Titcomb to the said Llewellyn Powers.

"Which said money said Llewellyn Powers agreed to credit to said Frank W. Titcomb on notes held at that time by said Powers against said Titcomb, which said credit was never given to said Titcomb and afterwards all of said notes then held by said Powers against said Titcomb including interest was collected by the estate of said Llewellyn Powers of the said Frank W. Titcomb, and the said Frank W. Titcomb paid to the estate of said Llewellyn Powers all of said notes and interest and was never allowed the said sum of two thousand dollars, the proceeds of said Thayer & Collins notes, except a small check for between fifty and sixty dollars given at said time by said Llewellyn Powers to said Titcomb, which check is in the possession of the executrix of said estate  .   .   .   $1950.00
To interest on same eighteen months  .   .   .   .   .   .    175.50

"$2125.50"

Plea, the general issue. Verdict for plaintiff for $2002.65. The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Ransford W. Shaw*, for plaintiff.

*Roland E. Clark, and Walter A. Powers*, for defendant.

SITTING :   EMERY, C. J., SAVAGE, KING, BIRD, JJ.

BIRD, J.   Under the count for money had and received it is incumbent upon the plaintiff to prove not only the receipt of the money by the defendant, but also that it was received by him to plaintiff's use— that is, the plaintiff's title to it.   II Starkie on Ev. (Met. Ed.) 106 ;   II Saund. on Pl. & Ev., pages 364, 371 ; *Hearne* v. *Hearne*, 55 Maine, 445, 447.

It is well established that a note, negotiable and expressing value received, may be given in evidence in support of the counts for

money had and received and money paid between the immediate parties to the note, as for instance, indorsee against indorser or maker and in such case the note is prima facie evidence in favor of the plaintiff: *State Bank* v. *Hurd*, 12 Mass. 171, 172; *Fairbanks* v. *Stanley*, 18 Maine, 296, 303; *Goodwin* v. *Morse*, 9 Met. 278, 279; *Sturtevant* v. *Randall*, 53 Maine, 149; II Greenl. Ev. page 112. See also *Raborg* v. *Peyton*, 2 Wheat. 385. And so, also, although the legal property in a note may pass to the holder, it is competent under a count for money had and received by indorser against indorsee to show by parol testimony, that such note was held in trust, to be accounted for in a particular manner, but in such case the possession of the note is prima facie evidence that it is the property of the holder: *Scott* v. *Williamson*, 24 Maine, 343, 347; *Lord* v. *Appleton*, 15 Maine, 270, and to establish the trust the evidence must be clear and full.

Vagueness and indefiniteness of proof are as much an objection to sustaining a count for money had and received as they are in other actions: *Perkins* v. *Cushman*, 44 Maine, 484, 491. A proposition is not proved so long as the evidence furnishes ground for conjecture only, or until the evidence becomes inconsistent with the negative. To choose between two possibilities is guess work, and not decision, unless there is something more which may lead a reasoning mind to one conclusion rather than to the other. *McTaggart* v. *Railroad Co.*, 100 Maine, 223, 230, 231: See also *Steward* v. *Church*, 108 Maine, 83; *Smith* v. *Lawrence*, 98 Maine, 92, 97; *Seavey* v. *Laughlin*, 98 Maine, 517, 519. See also *Haskins* v. *Haskins*, 9 Gray, 390, 393.

A careful examination of the evidence in this case makes it manifest that the verdict cannot stand. Irrespective of the presumption arising from possession of the notes by the testator and the express statement in the specifications of the plaintiff that the notes were sold to the testator and disregarding also the testimony of the attorney of the testator that testator bought and paid for the notes and the testimony of plaintiff after the notes were transferred by defendant that he stated to defendant's attorney that the amount paid to her was too large (which was clearly incompetent, *Goddard* v. *Cutts*,

11 Maine, 440, 443; *Smith* v. *Lawrence*, 98 Maine, 92, 97) the evidence indicates the possibility that the notes were sold to and paid for by the testator at the time of their indorsement to him at least as strongly as the possibility that they were transferred to testator in payment of the existing indebtedness of plaintiff. There is no evidence in the case warranting the verdict.

*Motion sustained.*
*Verdict set aside.*