NATHANIEL W. SHAW ET ALS *vs.* ALICE M. McKENZIE.

Cumberland.　　Opinion June 13, 1932.

*Sherman I. Gould,*
*Ralph M. Ingalls,* for plaintiffs.
*Max L. Pinansky,*
*Abraham Breitard,* for defendant.

SITTING: PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.   On motion. Real action. Verdict for plaintiffs. Defendant claims title to the property in question under a devise to her in the will of Martha E. Hawkes whose title depended upon a deed executed by her husband in 1901 but not recorded until 1912. He died testate in 1910, his will containing no specific mention of this property and giving his wife a life interest in the residuary estate. Plaintiffs claim title as remaindermen, asserting that the deed to Mrs. Hawkes was never delivered to her during her husband's lifetime, and that therefore the property was a part of the residuary estate.

There is no dispute but that the deed was in the possession of Mrs. Hawkes at the time of her death in 1929 and had been in her possession for seventeen years prior thereto; and no question but that it is genuine and correct in form. Under these circumstances, delivery is presumed, *Coombs* v. *Fessenden*, 116 Me., 306, 101 A., 465; *Gatchell* v. *Gatchell et als*, 127 Me., 331, 143 A., 169; and that it was delivered on the day of its execution, *Poor et al* v. *Larrabee et al*, 58 Me., 543. The presumption is stronger in cases of voluntary conveyances than in cases of ordinary bargain and sale. *Douglas* v. *West*, 140 Ill., 455, 31 N. E., 403; *Latimer* v. *Latimer*, 174 Ill., 418, 51 N. E., 548; *Shields* v. *Bush*, 189 Ill., 534, 59 N. E., 962. When a deed is found in the possession of the grantee, nothing but the most satisfactory evidence of non-delivery should prevail against the presumption. Devlin on Deeds, Sec. 294. Only clear and convincing evidence can overcome the presumption. *Stewart* v. *Silva*, 192 Cal., 409; 221 Pac., 191; *Post* v. *Weaver*, 302 Ill., 171, 134 N. E., 26.

The evidence relied upon by plaintiffs in the instant case is the statement of one of them, corroborated by the testimony of his wife, that after the death of Mrs. Hawkes, in answer to a question asked by him, defendant, referring to a time shortly after Mr. Hawkes' death, stated that "She (meaning Mrs. Hawkes) hadn't found the deed then. She didn't know about it then."

This evidence went in without objection, apparently on the theory that it was an admission against interest on defendant's part and amounted to a statement, based on her personal knowledge, that the deed had not been delivered to Mrs. Hawkes during her

husband's lifetime. Defendant denied having had any such conversation with the witness.

The verdict indicates that the jury believed the testimony of the plaintiff witness and that of his wife; and if the case presented the simple issue of the comparative veracity of the parties, this Court could not disturb its findings, but even if such a conversation took place, it fails to satisfy the burden which rests upon plaintiffs.

Analysis of the alleged admission of defendant, in the light of certain undisputed facts, entirely eliminates the theory that she assumed to speak of her own knowledge.

It appears that defendant did not come in contact with Mrs. Hawkes after Mr. Hawkes' death in 1910 until the latter part of 1922. The deed was recorded in 1912. She had no possible means of first-hand knowledge as to its having been found between 1910 and the time of record, and her statement as to what Mrs. Hawkes knew or did not know about the deed necessarily rested on hearsay.

Since this evidence was admitted without objection and no motion was made to strike it from the record, it becomes what has been designated in some of our decisions as consent evidence. *Moore* v. *Protection Insurance Co.*, 29 Me., 97; *Brown* v. *Moran*, 42 Me., 44; *Tomlinson* v. *Clement Bros.*, 130 Me., 189, 154 A., 355. But it is only to be given the weight to which it is entitled and must be weighed according to the rules established by law. *Goddard* v. *Cutts*, 11 Me., 440; *Titcomb* v. *Powers*, 108 Me., 347, 80 A., 851; *Elwell* v. *Borland*, 131 Me., 189, 160 A., 27.

Hearsay evidence has no probative force and will not sustain a verdict lacking other support. *Updegraff* v. *Lumber Co.* (Ark.), 103 S. W., 609; *Miller & Co.* v. *McKenzie* (Ga.), 55 S. E., 952; *Equitable Mfg. Co.* v. *Watson* (Ga.), 46 S. E., 440; *Panhandle Railway Co.* v. *Curtis* (Tex.), 190 S. W., 837; *Childers* v. *Pickenpaugh* (Mo.), 118 S. W., 471. The admission of such evidence without objection does not add any weight to it if intrinsically it had none and should have been excluded upon objection. *Sharp* v. *Baker*, 22 Tex., 306.

Counsel for plaintiffs argues that the alleged statement of defendant, while appearing to be based on personal knowledge, was a repetition of what she had been told by Mrs. Hawkes. There is no

evidence of that, and had such a claim been made in the first instance, the evidence would undoubtedly have been objected to and excluded.

Testimony of declarations of Mrs. Hawkes in denial of title could not have been received against defendant. The admissibility of such evidence is fully discussed in *Phillips et als* v. *Laughlin*, 99 Me., 26, in which Chief Justice Wiswell, speaking for the Court, laid down the rule that "in the trial of an action involving the title to real estate, the declarations of a predecessor in title of a party as to the invalidity of a deed which appears to be sufficient in all respects, which bears all the insignia of genuineness and which has been duly recorded, are not admissible."

Numerous cases in various jurisdictions may be cited in support of this position. In *King et al* v. *Slater* (Ark.), 133 S. W., 173, the Court said, "While acts and declarations of a person in possession of land are admissible to show the character and extent of his possession, they are not admissible to contradict the title of his grantee, the issue being whether his deed had been delivered."

In *Jackson* v. *Cary*, 16 Johns, 302, defendant had established a clear legal title and it was attempted on the part of the plaintiff to show that she had repeatedly admitted that she had only a life estate and that the grantor of the plaintiff had a right to convey the fee subject to her life estate. Chief Justice Spencer held such evidence inadmissible.

"The declarations of a party in possession are admissible in evidence against the party making them or his privies in blood or estate, not to attack or destroy the title, but simply to explain the character of the possession." *Gibney* v. *Marchay*, 34 N. Y., 303.

"Declarations of a grantor in possession are not admissible to defeat the grantee's title where such declarations were not of a character explaining or qualifying the possession. The concession of a grantor that he held as tenant or of the limits of his possession may be given in evidence against his grantee, but this has never yet been so holden as to one who held by a deed on record showing him in possession in his own right or where the boundaries are certain by his deed." *Carpenter* v. *Hollister*, 13 Vt., 552, 37 Am. Dec., 612.

"Declarations of a decedent going to show the extent of his possession are competent. Declarations as to title are not competent." *McGuire* v. *Lovelace* (Ky., 1910), 128 S. W., 309.

"The declarations of a party when in possession of land are, as against those claiming under him, competent evidence to show the character of his possession and the title by which he held it, but not to sustain or destroy the record title." *Dodge et al* v. *Freedman's Savings & Trust Company*, 93 U. S., 379.

"There are certain limitations upon the admissibility of declarations in disparagement of interest. It seems to be a well settled principle that such declarations are not admissible for the purpose of destroying a record title." 2 Am. & Eng. Ann. Cases (Notes) 5.

Following the decision in *Phillips et als* v. *Laughlin*, supra, our court considered the subject in *Fall* v. *Fall*, 100 Me., 102, 60 A., 718, 720, extending the doctrine to cases in which titles by inheritance were involved and, by inference, titles by devise. The opinion states, "The excluded declaration bore not upon the quality of any possession of the declarant and it had no reference to identity or location of boundaries or monuments or to any matter concerning physical condition or use. Its sole purpose was to destroy what was apparently an invulnerable muniment of title by deed and record, and to show that the title which the record declared did exist, did not, in fact, exist. We think such declarations limited to such a purpose are not admissible, whether the declarant was in or out of possession at the time or whether she is now dead or alive. We conceive there can be no real distinction in principle between the case of a tenant holding by inheritance and one holding by deed. In either case such declarations are open to the same objection."

Again in *Munsey* v. *Hanly*, 102 Me., 424, 67 A., 217, the Court said, "When admissions and declarations do not relate to the declarant's possession but to his legal title which such evidence is not competent to defeat, then such admissions and declarations are not admissible." And in *Farnsworth* v. *Macreadie et als*, 115 Me., 507, 99 A., 455, "The declarations of a former owner of real estate against interest are not admissible to deny title."

The evidence relied upon to support the verdict when taken literally carries no weight. It acquires none by attaching to it infer-

ences and implications which would have compelled its rejection had they been suggested at the trial below.

*Motion sustained.*

DUNN, J.   Concurred in result.