CARMELO S. SACHELIE

*vs.*

JAMES A. CONNELLAN, ADM'R., ET AL.

Cumberland.   Opinion, June 29, 1945.

268

*Adelbert L. Miles*, for the plaintiff.

*John M. Curley*, for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J.   In the bill in equity to which the appeal here presented relates, the plaintiff seeks relief against what he alleges is a cloud on his title to property acquired under a deed dated April 2, 1936, recorded August 5, 1936. The cloud is said to originate in a record at the registry of deeds indicating that he reconveyed the property to his grantor by a deed dated April 22, 1936, recorded October 27, 1942. It is undoubted that the plaintiff signed and acknowledged

a deed on April 22, 1936 which is almost, but not quite, identical in language with the record of which he complains. His allegation in that regard, and it is supported by the evidence of a professed eye-witness although the plaintiff's own testimony implies that said witness was not present at the time, is that on the day named he signed and acknowledged both an original deed and a copy of it. The witness deposes that after signing and acknowledging one paper the plaintiff called attention to the fact that it was a copy and thereupon signed and acknowledged the other. It is the copy, so-called, which the bill alleges came into the possession of the defendant Dorothy Avenzato, after the death of her husband who was the grantee therein "by some means unknown" to the plaintiff, that bears the endorsement of the register of deeds.

The grantor in the deed of April 2, 1936, and the grantee in the deed of April 22, 1936, was one Dominick Avenzato, who died intestate on September 21, 1942. The defendants are his widow and children and the administrator of his estate. The deeds of April 2 and April 22, 1936 appear in evidence as Plaintiff's Exhibits No. 5 and No. 1. The instrument in dispute, which appears on its face to be a quitclaim deed of the same property described in Plaintiff's Exhibit No. 1, is Plaintiff's Exhibit No. 3, although the record shows that it was produced from the custody of the parties defendant. Each of the three papers carries an endorsement on the back indicating that it was prepared in the office of one Clarence E. Sawyer, who died prior to the commencement of the process. His signatures, identified by his son, indicate that he witnessed all signatures and took the acknowledgments.

As the issues were framed by the bill and answer it seems unnecessary to review the allegations in their entirety since the relief sought must be granted or denied according to

decision whether Plaintiff's Exhibit No. 3 was delivered to the grantee therein named in his lifetime as a deed or is a copy of Plaintiff's Exhibit No. 1, executed by mistake and never delivered. If the former, the history of Plaintiff's Exhibit No. 1 would be meaningless for the property would have been conveyed without its use. If the latter, proof that Plaintiff's Exhibit No. 1 was never delivered but remained in plaintiff's custody until after the death of the grantee would support an essential allegation of the bill. Plaintiff's Exhibit No. 1 must be considered as coming into the record from plaintiff's custody. His signing and acknowledgement of Plaintiff's Exhibit No. 3 are admitted in the bill and the only testimony to support his allegation that it was signed by mistake and not as a deed is that of the witness above referred to who asserted that he went to the office of the scrivener on April 22, 1936 with the plaintiff and that the latter, after signing one paper, called attention to the fact that it was a copy and had the word "copy" typed upon it, whereupon he signed and acknowledged another. This testimony declares that he took the latter into his own custody and left the former with the scrivner.

The death of the scrivener occured on February 24, 1941. The evidence of his son, the witness above referred to, indicates that thereafter he sorted a mass of papers found in his father's files and attempted to mail them to the clients to whom they belonged. He states definitely that he mailed some papers to the plaintiff. There may be inference that he mailed something to Mr. Avenzato, in testimony that he recalls finding the name in the files because of its unusual nature and believes that he found documents bearing it which would have been so mailed in normal course in the distribution of papers he was making. There is no evidence however that Plaintiff's Exhibit No. 3 was in the files of the scrivener at the time of his death or that his son found it and mailed it to Avenzato.

The case provides an apt illustration of the operation of the law of evidence when an executor, administrator or other legal representative of a deceased person is a party. His adversary is not a competent witness as to his transactions with the decedent except as authorized by one of the several sub-paragraphs of R. S. 1930, Chap. 96, Sec. 119 (now R. S. 1944, Chap. 100, Sec. 120). The force and effect of this statute have been frequently declared. *Sherman* v. *Hall, Adm'x.*, 89 Me., 411, 36 A., 626; *Weed* v. *Clark, Adm'r.*, 118 Me., 466, 109 A., 8; *Travelers Insurance Co.* v. *Foss, Adm'r.*, 124 Me., 399, 130 A., 210; *Tuck, Appellant*, 130 Me., 277, 155 A., 277. A reading of the record with the many questions asked of the plaintiff by his counsel and excluded on objection makes it all too plain that the process was instituted in the belief that the plaintiff might prove many factual allegations essential to entitle him to the relief he seeks by his own testimony. Numerous exceptions were taken and allowed to the rulings excluding this testimony but they are not urged in argument and could not be under our statute.

As the record stands, the sole support for the plaintiff's cause, other than the inferential force of the testimony of the son of the scrivener, is found in the presumption that an executed deed retained in the possession of the grantor was never delivered by him. *Hatch* v. *Haskins*, 17 Me., 391; *Patterson* v. *Snell*, 67 Me., 559; 26 C. J. S., 593, Par. 184 a. The cases cited recognize that there is a presumption of at least correlative force that a deed found in the possession of the grantee was delivered by the grantor. This presumption in direct opposition to the plaintiff's contention is likewise stated in the text of C. J. S., - Vol. 26, Page 594, Par. 184 b. It is urged also on behalf of the plaintiff that a deed found in the possession of the grantee is invalid to convey the property it describes if it reached that possession by mistake. On this point we are cited to

*Reed* v. *Reed,* 117 Me., 281, 104 A., 227, wherein it is declared that a deed obtained by a grantee either by mistake or for a special purpose other than delivery will not pass a title. The opinion cites several cases (Page 286 of our own reports and Page 229 of Atlantic) as illustrations of the principle. Each of them discloses on examination that there was factual proof to controvert the force of the presumption. When a grantor delivers a deed to some third person, as in *Tripp* v. *McCurdy,* 121 Me., 194, 116 A., 217, and *Eddy et al.* v. *Pinder,* 131 Me., 139, 159 A., 727, and it is later found in the possession of the grantee the force of the presumption which that possession carries will be overridden by proof that the delivery to the third person was for some other purpose.

The unique feature of the present case lies in the fact that the plaintiff signed and acknowledged two instruments on one day either of which, if delivered, would convey the property in dispute to the individual named as grantee in both. That the documents are not an original deed and a carbon copy of it produced simultaneously is established conclusively by unimportant differences in their wording. They are both originals but one of them has the single word "copy" typed or written upon it, not on the face or front of the sheet where the words of conveyance appear but on the reverse side where the instrument is described by designation of the type thereof, the names of the parties thereto, the date and the name of the scrivener, and provision to show its record, now filled in over the attest of the Register of Deeds.

It is clearly established by proof that on the day following the death of the grantee named in plaintiff's deed of April 22, 1936, and in the recorded paper which is alleged to be a copy of it, the latter was found in the apartment on the premises it purports to convey which was occupied by

that grantee and his family at the time of his death. It was contained in a metal box with birth certificates of the grantee and his children. The presumption that a deed so found was delivered by the grantor who executed and acknowledge it is one of substantial strength. It is said in *Shaw et al.* v. *McKenzie*, 131 Me., 248, 160 A., 911, that "nothing but the most satisfactory evidence of non-delivery should prevail" against it. There is no direct evidence whatsoever in the present case. The plaintiff relies on inference drawn from the testimony of the son of the scrivener and the presumptive force flowing from possession of Plaintiff's Exhibit No. 1. The Justice who heard the cause did not specify in his decree whether he found this evidence insufficient to overcome the force of the presumption traceable to the possession of Plaintiff's Exhibit No. 3 and based his decision on the failure of the moving party to prove the facts alleged in his process or dismissed the bill on the principle that one not in possession of land may not resort to equity to remove a cloud from the title to it which he claims is vested in him. This principle is declared in *Snow* v. *Russell, et al.*, 93 Me., 362, 45 A., 305; *Frost et al.* v. *Walls et al.*, 93 Me., 405, 45 A., 287, and *Annis* v. *Butterfield et al.*, 99 Me., 181, 58 A., 898. It might be considered applicable on the present facts where some of the parties defendant are occupying the premises claiming title from the plaintiff. The argument presented on behalf of the plaintiff is addressed to the factual question and indicates belief that the basis for the decision appealed from rests upon the factual ground rather than the legal. On the record before us we cannot say a factual decision that the plaintiff had not established the allegations essential to the remedy he seeks appears clearly to be erroneous and it has been stated with great force and clarity heretofore in this Court that such is the test on equity appeals. *Young* v. *Witham*, 75 Me., 536, is the first of a long

line of decisions wherein that principle is declared and affirmed. It is established so thoroughly that it seems unnecessary to cite further authority in its support.

*Appeal dismissed.*
*Decree below affirmed.*