MAURICE W. ROSS

*vs.*

ANTONIO MANCINI

Cumberland.   Opinion, November 8, 1950.

*John M. Curley*, for plaintiff

*Raymond S. Oakes*, for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.   This action of contract was tried before a jury who found for the plaintiff.   The plaintiff declared on an oral contract.   There was a plea of the general issue with a brief statement setting up the statute of frauds. The statute of frauds as a defense was later abandoned and the presiding justice charged the jury without exception by the defendant that they were not to concern themselves with it.   The only issues according to the court were whether an oral contract was made as claimed by the plaintiff and whether the defendant was guilty of a breach of it. The jury found for the plaintiff and assessed damages in the sum of $1,340; and the case is before this court on the defendant's general motion for a new trial.

The declaration sets forth that the defendant on May 16, 1947 agreed to sell to the plaintiff and the plaintiff agreed to buy of the defendant a dump truck for the sum of $2,000.

Nothing appears to have been said as to when or how payment would be made but the plaintiff claims that the defendant in consideration of the plaintiff's purchase of the truck promised to engage the plaintiff in gainful employment with his truck in preference to any other person until the plaintiff fulfilled obligations assumed by him in financing the purchase price. It is alleged that the plaintiff did purchase said truck and the defendant did engage the plaintiff in gainful employment until February 2, 1948 when the defendant without justifiable cause refused to continue the plaintiff's employment and employed another in his stead so that the plaintiff was unable to fulfill his obligation to pay for the truck and by reason thereof suffered loss.

As expressed in Restatement, Contracts, Sec. 32:

"An offer must be so definite in its terms or require such definite terms in the acceptance that the promises and performances to be rendered by each party are reasonably certain."

Then follows this comment:

"Inasmuch as the law of contracts deals only with duties defined by the expressions of the parties, the rule stated in the Section is one of necessity as well as of law. The law cannot subject a person to a contractual duty or give another a contractual right unless the character thereof is fixed by the agreement of the parties. A statement by A that he will pay B what A chooses is no promise. A promise by A to give B employment is not wholly illusory, but if neither the character of the employment nor the compensation therefor is stated, the promise is so indefinite that the law cannot enforce it, even if consideration is given for it."

See to the same general effect: Williston, Contracts, Sec. 37; 12 Am. Jur., Contracts, Sec. 64.

In the case before us there was no time set during which the employment was to continue and there is no evidence at

all that it was to continue as alleged in the declaration until the plaintiff was able to pay for the balance due on the truck out of its earnings. The actual purchase was made May 19, 1947. The plaintiff paid $700 down and financed the balance, which with charges amounted to $1,581.60 from a finance company. Payments were to be made at the rate of $105.44 a month. February 2, 1948 the defendant ended the employment of the plaintiff and subsequently the finance company repossessed the truck which was sold for $200. The difference between this resale price and the balance owed the finance company is almost exactly the amount of the verdict.

It is true that the defendant did tell the plaintiff that he would have enough from the earnings of the truck to meet his payments on it but there was no assurance of any definite sum of money. For nine months the amounts that the defendant paid the plaintiff were substantial, approximately $4,500. The most probable reason for the default to the finance company was that the plaintiff did not give due consideration to his living expenses and outside obligations. We cannot see where the defendant was in any way responsible for such default. His conversation with the plaintiff as to what the truck would earn was of the vaguest kind. It was never intended to be anything more than an expression of hope or expectation. The defendant never contemplated an agreement of continuing employment until the truck was paid for. The terms of this alleged contract are too vague and indefinite to be enforcible. They answer the description of Judge Holmes of a somewhat similar claimed agreement. "On the face of it, it does not import a legally binding promise, but rather a hopeful encouragement sounding only in prophecy. We cannot discover an actionable contract." *Hall* v. *First National Bank,* 173 Mass. 16, 19. Neither is the contract in the instant case an actionable one.

*Motion sustained.*
*New trial granted.*