CLIFFORD L. SWAN CO., INC.

*vs.*

CHARLES R. DEAN

Cumberland.   Opinion, December 17, 1955.

*Clark D. Chapman, Jr.,* for plaintiff.

*S. Arthur Paul,*
*Harry C. Libby,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. CLARKE, J., did not sit.

WEBBER, J.   On June 27, 1949, one Lewis and the defendant Dean were owners of adjoining land. A plan of the Lewis land had been duly recorded in the Registry of Deeds by a predecessor in title in 1909. This plan divided the property into house lots, and showed a proposed street known as Hayden Street fifty feet in width and lying along the side of the Lewis land where it adjoined the Dean land. Lots were sold from time to time to third parties with reference to the recorded plan. No use of the proposed street was ever made by the public, and the street was never accepted by the municipality.

On the day referred to, Lewis and Dean executed a written contract, the material portions of which were as follows:

> "WITNESSETH That the party of the first part, namely Charles R. Dean is the owner of prop-

erty on Main Street, South Portland, formerly known as the William H. Wright property, located on the southerly side of said Main Street and which property is adjacent to and adjoins the Richard E. Lewis property, and in the promotion of the Lewis property so called, the said party of the first part has agreed and does by these presents agree to block out and rough fill a strip of land along the easterly side of the Dean property so called, holding a width of fifty (50) feet and running back in a southerly direction to the bank for a distance of approximately one thousand (1000) feet, and the said party of the first part agrees to do the surface rough grading only on said fifty (50) foot proposed street so called, provided the street lay out is adjacent to and joins the Dean property.

The party of the second part, namely Richard E. Lewis, agrees to set off and establish wholly from his land in contemplation of a house lot development of the Lewis property, and that said street shall be adjacent to the Dean property so called, and that in consideration of the said party of the first part, namely Charles R. Dean rough grading said street, he, the said Charles R. Dean shall have the right and privilege of using said streets for any and all purposes in the development of property belonging to the party of the first part, which shall include the right and privilege of the party of the first part setting off and establishing streets entering into the proposed street which is to be built and surface graded by said Dean, and which street is to be known as Hayden Street, which proposed street is on the records at the South Portland City Assessors office, and the said party of the second part agrees to all terms, conditions and reservations in so far as the said Dean having the right and privilege of entering upon said proposed street may be concerned. Full and complete consideration on the part of both parties is herein and hereby acknowledged."

For several years nothing further occurred. The agree-

ment was never discussed by Lewis and Dean. No efforts were made to perform or secure performance of the contract by either of them. Finally, on August 28, 1954, Lewis conveyed all the remaining land in his subdivision, including the fee in the area occupied by Hayden Street, to the plaintiff. Simultaneously, Lewis assigned to plaintiff the contract with Dean. In September, 1954, the plaintiff made demand on the defendant for performance of the contract. There was no accompanying tender of performance of any kind on the part of the plaintiff. The defendant having failed to perform, the plaintiff contracted to have the street constructed, apparently in a manner intended to meet all municipal requirements as to street acceptance, and involving the removal of a great deal of ledge. The plaintiff now seeks by this action to compel the defendant to pay plaintiff's actual costs of that construction. A single justice below, sitting without a jury, found for the defendant, and exceptions to his decision are before us.

Ordinarily, unless legally excused, a plaintiff cannot recover damages for breach of a contract without first performing his own obligations thereunder, or seasonably tendering performance. Neither this plaintiff nor its assignor did anything or offered to do anything in furtherance of this agreement. The plaintiff contends that the contract conferred upon the defendant a mere license and that no other performance by plaintiff or its assignor was required. With this contention we cannot agree. Ordinarily, nothing else appearing, such a license is revocable and incapable of assignment. *Emerson* v. *Fisk,* 6 Me. 200; 33 Am. Jur. 403, 404, Secs. 98 and 99 and cases cited; Annotation 130 A. L. R. 1253. No words of inheritance or assignment were used in the agreement. The concept that defendant was to have a bare, revocable license incapable of assignment is inconsistent with those portions of the agreement which clearly indicate the intention of the parties that the defend-

ant and those who might purchase land from him were in some manner to receive rights in the proposed street, rights which would be valuable "in the development of the property."

"An agreement to be binding must be definite and certain." 12 Am. Jur. 554, Sec. 64; *Ross* v. *Mancini,* 146 Me. 26; *Bragdon* v. *Shapiro,* 146 Me. 83. This contract suffers much from vagueness, indefiniteness and uncertainty. The mutual rights and obligations of the parties cannot be ascertained with adequate clarity. In what manner were the defendant and his grantees to acquire rights to the use of Hayden Street "for any and all purposes in the development of (defendant's) property"? As members of the public or by direct conveyance? There had been an incipient dedication of the street in 1909 by the recording of the plan and subsequent sale of lots. Purchasers of lots had acquired their irrevocable easements in the proposed street. *Arnold et al.* v. *Boulay,* 147 Me. 116; *Bartlett* v. *Bangor,* 67 Me. 460. But in a period of forty-five years there had been no public use and no municipal acceptance of the street. A reasonable time for acceptance having expired, the rights of the public had been lost, and plaintiff purchased the land from Lewis disencumbered of any obligation to the public and subject only to the rights of lot owners. *Harris* v. *South Portland,* 118 Me. 356, 359; *Burnham* v. *Holmes,* 137 Me. 183, 186. If, then, plaintiff were to make the street available to defendant and those claiming under him as a public street, some further act was required. He might convey the street to the municipality by deed. The acceptance of such a grant for street purposes would ensure the rights of the defendant and those who purchased lots from him as members of the public. *Farnsworth* v. *Macreadie,* 115 Me. 507; *Brown* v. *Bowdoinham,* 71 Me. 144. Or the plaintiff might perform a new act of dedication of the street and procure acceptance thereof. On the other hand, if the defendant's position were

to be assured by direct grant to him, the seasonable tender of an appropriate deed would have been requisite. But the assignor had done nothing. In its turn, the plaintiff did nothing. If the parties intended that the defendant himself should secure his rights by constructing the street in accordance with municipal requirements and by procuring municipal acceptance, we can only say that the agreement falls far short of imposing such rigorous requirements. It provides that the defendant should "block out," "rough fill," "do the surface rough grading," and no more.

The plaintiff has declared upon a contract which so fails to manifest the intention of the parties as to the obligations it imposes that it is unenforceable. If that be not enough, the contract upon any reasonable and conscionable interpretation required some further act of performance on the part of plaintiff designed to make Hayden Street of some practical value to the defendant in the development of his own land. For these reasons we are satisfied that the defendant is entitled to judgment.

*Exceptions overruled.*